Commonwealth *v.* Frankina, Appellant.

Argued October 2, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*John Edward Sheridan,* for appellant.

*Franklin E. Barr,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellee.

OPINION BY BALDRIGE, J., November 15, 1944:

The appellant, a driver-salesman of a drug company, was charged with, and convicted of, receiving stolen goods, to wit, a number of bottles of sulfadiazine tablets.

In this appeal, which followed the imposition of sentence, he claims that the conviction cannot stand as there was no evidence adduced showing that the tablets received by him were stolen, or that he knew they were stolen, and further that the trial judge, sitting without a jury, immediately after announcing the verdict of guilty, committed error in referring adversely to his failure to take the witness stand in his own defense.

The commonwealth proved that James Gary, Alfonso Crawford, and James Jones, three employes of the Sharp and Dohme Co., and James Ellis Williams, an employe of a trucking concern, pleaded guilty to a series of thefts from the Sharp and Dohme Company of sulfadiazine tablets which they sold to various druggists, a number of whom were arrested and tried. The method used by these thieves was to put the bottles containing the tablets in cartons, conceal them in the trash which Williams collected daily, and deliver them to Crawford's house before sales were made.

At the trial of this appellant, who was tried with Joseph Soifer, a druggist who bought tablets from him, the commonwealth asked defendant to agree that the testimony of the four thieves, which had been taken at a previous trial, be considered as given in this case. After some discussion it was stipulated that the testimony should be admitted to establish that the tablets were the property of Sharp and Dohme, and further that for the purpose of this case "the testimony given by the four thieves may be made a part of this record." According to the testimony of Williams, who was called as a witness in this case, the tablets in question were in the trash he picked up at the Sharp and Dohme plant; that after he left there Joseph Calabro, a mechanic, had gotten onto his truck. In the neighborhood of Washington Lane and Wharton Street in Philadelphia, Calabro saw a drug truck and asked Williams to

stop. Calabro went over to the other truck, driven by Frankina, the appellant. He returned shortly and asked Williams where "the stuff" was. It was preduced from the trash and Calabro took it over to the other truck and then returned to Williams. Calabro testified that he did not know Frankina, but after some discussion Frankina bought a carton containing six or seven bottles of the tablets for $42.

Frankina gave a statement to James A. Hanley, an agent of the F. B. I., in which he said that Calabro told him he worked for Sharp and Dohme and that he had half a dozen thousand tablet size bottles of sulfadiazine; that the regular sale price of the drug was $22 to $25 per bottle; that he paid $12.50 for each, or $75. He then asked Calabro how he could get in touch with him in case he could use some more; he replied that he could see him around that neighborhood. The following day Frankina sold the tablets to Soifer for $14 per bottle.

The appellant argues that the testimony of the thieves shows that all the stolen tablets were taken to the Crawford house and that those involved in this case were not shown to have been delivered there or to have been stolen. It appears from the record that there were continuous trials for several days of those involved, one way or another, with the stolen property. The court in the course of its opinion said: "After the four defendants charged with larceny had pleaded guilty it was agreed by counsel for all other defendants that their testimony which established the ownership of the property and the fact that it had been stolen would be admitted in each separate case with the same effect as if it had been re-taken in each case." Be that as it may, we think the circumstances under which these tablets were obtained, and the manner they were concealed and transported, amply justified the finding that they were stolen.

The next question is: Did the appellant have guilty knowledge when he purchased them that they were stolen? Knowledge is subjective and whether a person knows a thing is often times determined by circumstances. Knowledge of the theft on the part of the receiver is essential to a conviction, but a jury, or as here the trial judge, sitting without a jury, may infer knowledge from the attending circumstances: *Commonwealth of Pa. v. Baker,* 115 Pa. Superior Ct. 183, 175 A. 438. "Circumstances which would lead a reasonably prudent man to suspect that the goods had been stolen, ...... may properly be considered by the jury in arriving at the determination of the defendant's guilt, and may lead to a conclusion of guilty knowledge ......" *Commonwealth v. Sendrow,* 119 Pa. Superior Ct. 603, 607, 181 A. 450. See, also, *Commonwealth v. Parshall,* 139 Pa. Superior Ct. 161, 11 A. 2d 506.

The learned court below aptly stated: "He [defendant] met a stranger on the street who offered to sell him a staple drug product labeled as such, from the rear of a trash truck. He examined the product before he purchased and paid a price that he must have known was below the market (jobbers') price for he acquired six bottles, to make a few dollars on each one, and he immediately proceeded to do so." We are of the opinion that there was ample evidence to support the conclusion of the trial judge that the appellant had guilty knowledge that the goods he purchased were stolen.

This brings us to the remarks made by the judge after a verdict of guilty had been announced when the defendant was directed to stand up to be sentenced. Surely it is not improper for a judge, when about to impose sentence after a conviction, to refer to the fact that the defendant had not seen fit to take the witness stand. His comments in no wise harmed the defendant. We find no merit in this complaint.

Judgment is affirmed and the record remitted to the court below, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.