Commonwealth *v.* Gazal, Appellant.

Argued November 14, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Barney Phillips,* for appellant.

*William Claney Smith,* Assistant District Attorney, with him *Edward C. Boyle,* District Attorney, for Commonwealth, appellee.

OPINION BY GUNTHER, J., December 14, 1960:

George Gazal was convicted and sentenced in the Court of Oyer and Terminer of Allegheny County on a charge of receiving stolen goods. This charge grew out of a burglary committed by Milton Kendrick, Jr., Martel Inmon and Thaw Washington who stole certain jewelry, silverware and watches from the Biggard Company on March 22, 1959. Gazal was indicted for receiving 15 stolen watches from this burglary.

Pleas of guilty were entered by Thaw Washington to burglary and by Louis Esposito to receiving stolen goods concerning this crime. Gazal waived jury trial and was tried before Honorable ROBERT M. MORRIS, specially presiding. The testimony of the owner of the establishment, together with that of Washington, Esposito and the police, was offered against Gazal.

Kendrick and Inmon demanded a jury trial and a jury was selected to try them before Judge MORRIS. Prior to the trial of these cases, the court below took the pleas of Esposito and Washington and also heard the non-jury trial of Gazal. Washington testified that he participated in the burglary; that he knew Gazal for about ten years; that after the burglary he met Gazal in the B & M Restaurant and informed him that he had some watches; that Gazal rode over to the Southside of Pittsburgh with him and that 29 watches were turned over to Gazal for examination. The next day, Gazal met Washington at the same place, returned 14 watches and kept 15, giving Washington $500.00 in cash for the 15 watches.

Washington testified that he lived at 2124 Webster Avenue, Hill District of the City of Pittsburgh. Officer Butzler testified that he received a telegram, while Gazal was in custody, concerning the location of the missing watches and that this telegram was sent from a pay station in the Hill District about a block away from Washington's residence. As a result of this information 13 watches were recovered in a locker at the Pennsylvania Railroad Station. At the close of the Commonwealth's case, counsel for Gazal demurred to the evidence and requested additional time to present a brief on the evidence produced against his client.

On the same day, the Commonwealth opened to the jury on the cases involving Kendrick and Inmon. The cases were then recessed until the following morning, at which time both Kendrick and Inmon withdrew their pleas of not guilty and entered pleas of guilty. The court then proceeded to take testimony from the witnesses relative to the burglary charges. In the course of the testimony of Inmon and Kendrick, the assistant district attorney questioned them relative to the delivery of watches to Gazal but this testimony did not

implicate Gazal. Gazal was not present when this testimony was taken.

Sometime after these pleas of guilty to burglary and the testimony of Kendrick and Inmon, Gazal was found guilty of receiving stolen goods. Gazal moved for a new trial on the ground that the evidence produced against him was insufficient and also on the ground that the court committed error by permitting the interrogation of Inmon and Kendrick at the time of their pleas on matters which might have been material as affecting the case against him without opportunity to be present to cross-examine the witnesses. From the denial of the motion for a new trial and the imposition of sentence Gazal has taken this appeal.

On this appeal defendant raised the same objections to his conviction as he has in the court below.

The evidence produced by the Commonwealth was sufficient to make out the charge of receiving stolen goods. Gazal made no attempt to explain away his possession of 15 watches from one of the thiefs. He offered no explanation why he purchased 15 watches for $500.00. The evidence disclosed that defendant drove over to the Southside around midnight and that the watches were obtained from the apartment of a girl friend of Inmon. The evidence disclosed that the watches were stolen. These circumstances and those related by Washington were sufficient to sustain the conviction. Circumstances which would lead a reasonably prudent man to suspect that the goods have been stolen may be properly considered by a trial judge sitting without a jury in arriving at the determination of an accused's guilt. *Commonwealth v. Frankina,* 156 Pa. Superior Ct. 152, 39 A. 2d 628. Gazal knew or should have known that Washington was not a bona fide dealer in jewelry and, in turn, Washington undoubtedly knew the background of Gazal as a gambler,

The production of the watches from a hiding place should have put any reasonably prudent man on notice that these watches were stolen. Why would any person, not a dealer in watches, have 29 watches around? While Washington did not specifically inform Gazal that these watches were stolen, nevertheless, at the trial he so testified. Ownership of stolen property can be established by the uncorroborated testimony of a thief, if believed. *Commonwealth v. Cohan*, 177 Pa. Superior Ct. 532, 111 A. 2d 182. The testimony of the principal felon, in any event, is not necessary in order to convict a person of receiving stolen property. The rule that evidence of an accomplice be received with caution applies only where the witness joined in the commission of the particular crime for which the defendant is being tried. On a charge of receiving stolen goods, the thief who stole the goods received by the defendant is not an accomplice of the defendant. *Commonwealth v. Cohan*, supra.

The second contention of the defendant is equally without merit. There is no requirement under the law that when the burglar is tried for his crime, the one charged with receiving stolen goods must be present and must be given an opportunity to cross-examine such felon. The charges here involved were separate crimes committed by different persons. Defendant's case was concluded and it was only at the request of counsel that complete disposition of this case was postponed. The disposition of the burglary case, therefore, had no connection whatever with the disposition of the crime of receiving stolen goods. As a matter of fact, The Penal Code of June 24, 1939, P. L. 872, section 820, 18 P.S. section 4820, expressly authorizes prosecution and punishment of receivers of stolen property as well before as after the principal felon shall be taken and convicted. The mere fact that defendant's name was

mentioned in the burglary trial does not give him the right to be present.

The judgment of sentence is affirmed.