**In re Benny Ross DILLMAN, Debtor.**

**NORTHLAND INSURANCE COMPANY, INC., Plaintiff,**

**v.**

**Benny Ross DILLMAN, Defendant.**

**Bankruptcy No. AP80–0947.**

United States Bankruptcy Court, N. D. Alabama.

March 11, 1981.

Guy Sparks, Anniston, Ala., for plaintiff.

Hank Fannin, Talladega, Ala., for debtor.

## JUDGMENT

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The above-styled adversary proceeding was commenced on November 18, 1980, by the filing of a complaint which requested that the Court not grant the defendant a discharge in this bankruptcy case and that the Court determine that the debt owed by the defendant to the plaintiff is not dischargeable in this bankruptcy case. The defendant filed an answer on November 28, 1980, which denied all allegations of the complaint. On December 11, 1980, the plaintiff amended the complaint by adding a request that the Court grant leave to the plaintiff to proceed to enforce and collect the debt through further legal actions. Also, on December 11, 1980, the plaintiff filed a motion for the Court to enter a summary judgment in favor of the plaintiff and against the defendant. At a pre-trial conference on December 16, 1980, only the defendant's attorney, plaintiff's attorney, and the trustee appeared before the Court, and the defendant's attorney waived a ten-day notice of a hearing on the plaintiff's motion for summary judgment, and both parties waived the right to argue and file briefs on the motion for summary judgment.

## STATEMENT OF FACTS

On December 1, 1980, the plaintiff filed with the Court a copy of a Request for Admission of Facts which was served upon the defendant's attorney, and on December 19, 1980, the defendant admitted all the facts stated in the plaintiff's Request for Admission of Facts; therefore, the Court adopts the facts set out in said Request for the purpose of ruling on the plaintiff's motion for summary judgment.

## CONCLUSIONS BY THE COURT ON THE REQUEST THAT THE DEBTOR BE DENIED A DISCHARGE IN THIS CASE

The plaintiff seeks, under 11 U.S.C. § 727, to have the Court deny the debtor a discharge. The grounds for denial of a discharge are found in Subsection (a) of said Section 727. The complaint does not specify any particular grounds upon which the discharge might be denied; therefore, the Court must compare the facts alleged and admitted to the various grounds found in 11 U.S.C. § 727(a)(1–10).

The plaintiff does not allege that the debtor is not an individual, and in fact, the debtor is an individual; therefore, paragraph (1) does not state a ground for denial of a discharge, and the plaintiff does not allege that the debtor did any of the acts listed under paragraphs (3), (6), or (7) of said Section 727(a); therefore, they do not state grounds for denial of the debtor's discharge in this case.

The plaintiff does not allege that the debtor has been given a previous discharge or that the Court has approved a written waiver of discharge by the debtor; therefore, paragraphs (8), (9), and (10) do not state proper grounds for denial of the debtor's discharge in this case.

The allegation by the plaintiff of wrongful conversion by the debtor of the

truck of another entity, insured by the plaintiff against such loss, is not sufficient to deny a discharge to the debtor under paragraph (2) of said Section 727(a). None of the actions of the debtor relating to the wrongful conversion took place within one year before the date of the filing of the petition or after the filing of a petition; therefore, 11 U.S.C. § 727(a)(2) does not state a proper ground for denial of the debtor's discharge in this case.

■■■ The allegations by the plaintiff that, in connection with a garnishment proceeding in state court, the debtor, as president of Battle House Enterprises, Inc., swore that he was an employee of said corporation and said corporation would withhold the sum sought by the garnishment from his wages and that no amounts were withheld by said corporation are not sufficient to deny the debtor a discharge under paragraph (4) of said Section 727(a). To constitute a proper ground for denial of a discharge to the debtor, "a false oath or account" must be made in, or in connection with, the case. This sworn statement was made in connection with a state court action and not in this bankruptcy case. If this sworn statement were made in connection with this bankruptcy case, the burden of proof would be on the plaintiff to prove the facts essential to its objection.[1] The plaintiff did not prove that the debtor knowingly and fraudulently made a false oath, and no intent to defraud can reasonably be inferred from the mere fact that the corporation failed to do what the debtor said the corporation intended to do.

■■■ The allegation by the plaintiff that the debtor never gave an explanation of the loss or deficiency of the funds that said corporation was supposed to be withholding from the debtor's pay on the garnishment is not sufficient to deny the debtor a discharge under paragraph (5) of said Section 727(a). As previously noted, the burden of proof is upon the plaintiff to prove the essential facts when objection is made to a debtor's discharge. There is no proof that the debtor was ever called upon to give an explanation of the loss of, or deficiency in, these assets, and it was not proved that there were ever any assets of the debtor to lose or in which a deficiency existed. It is not proved that the debtor ever received any salary, wages, or compensation from said corporation after the time the garnishment was issued.

Therefore, after considering the facts alleged and admitted, it is the conclusion of the Court that the plaintiff's request for relief under 11 U.S.C. § 727 is due to be denied.

## CONCLUSIONS BY THE COURT ON THE REQUEST THAT THE DEBT BE DECLARED NONDISCHARGEABLE

The complaint filed by the plaintiff also seeks to have the Court determine that the debt was not dischargeable in bankruptcy, pursuant to 11 U.S.C. § 523(c). Having determined that the debtor must be granted a discharge, the Court may now consider this second question.

Section 523(c) does not state the types of debts which may be adjudged not dischargeable in a bankruptcy case. The types of nondischargeable debts are listed only in Subsection 523(a)(1–9). Subsection 523(c) refers to paragraphs (2), (4), and (6) of Subsection 523(a) and to none other. Thus, it must be inferred from the complaint that it is only upon these three paragraphs of Subsection 523(a) that the plaintiff relies.

Paragraph (2) of Subsection 523(a) describes a debt which arises because of false pretenses, fraudulent representations, or fraud in the obtaining of money, property, services or credit. There is no allegation or proof that the vehicle was obtained by the debtor through fraud or falsehood, and paragraph (2) is not established as an exception to the debtor's discharge. The plaintiff did not allege or prove a fiduciary relationship which is the basis for a debt for fraud or defalcation to be adjudged nondischargeable under paragraph (4) of Subsection 523(a). But paragraph (4) also excepts

---

1. Bankruptcy Rule 407.

from a discharge a debt due to embezzlement or larceny.

■ The allegation and proof here are that the vehicle in question had been stolen but not that it was stolen by the debtor. Taking the allegations and proof together, we find: (1) the vehicle belonged to one Louis Gandy at the time that the debtor converted it to his own use; (2) the debtor admitted to a criminal charge that he knew that the vehicle had been stolen when he transported it from Louisiana to Alabama and disposed of it; (3) that plaintiff had insured the owner of the vehicle against loss of the vehicle; and (4) the plaintiff obtained a judgment in the sum of $5,000 against the debtor, for his conversion of the vehicle. No embezzlement or larceny of the vehicle is alleged or proved as far as concerns the debtor. To establish an embezzlement, the plaintiff would have had to show that the debtor acquired lawful possession of the vehicle and breached the conditions of his possession by wrongfully converting the vehicle to his own use.[2] As stated, no larceny by the debtor was shown.

■ Paragraph (6) of Subsection 523(a) excepts a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity". The injury is not required, by the terms of this paragraph, to be directed against the creditor or the creditor's property but includes any entity or the property of any entity, other than the debtor.

■ Any conversion will not constitute a "willful and malicious injury" to another entity or the property of another entity; although, it must be concluded that most any conversion of property would be injurious to the owner. The circumstances of this case also show that the injury was willful and malicious in that the debtor admitted that he knew that the vehicle was stolen when he took it from Louisiana to Alabama, where he disposed of it. The owner's prudence in having insurance on the vehicle does not relieve the debtor from the legal consequences resulting from his misconduct. The plaintiff's judgment against the debtor shows that it has become subrogated to the owner's claim against the debtor, by paying the owner for his loss[3]. This obligation must be adjudged excepted from the debtor's discharge.

The plaintiff already has a money judgment against the debtor (and even one against a garnishee), and none may appropriately be rendered here.

## JUDGMENT

Wherefore, it is the order and judgment of the United States Bankruptcy Court for the Northern District of Alabama that the debtor, Benny Ross Dillman, be granted a discharge under the provisions of Section 727, Title 11, United States Code, that the debt owed by the debtor to Northland Insurance Company, Inc., upon a judgment in its favor and against the debtor for the sum of $5,000 and costs, rendered by the District Court of Calhoun County, Alabama, on December 7, 1977, is adjudged to be nondischargeable in this bankruptcy case and unaffected by the discharge to be granted in this case to said debtor, that the plaintiff or its successors or assigns may pursue collection of said debt from the debtor and said garnishee or either, that the stay provided by Section 362, Title 11, United States Code, is lifted to this extent, and that a copy hereof be sent through the United States mails to each of the following (which shall be sufficient service and notice hereof): counsel of record, the debtor, the trustee, and the United States trustee.

---

2. Black, Law Dictionary 468 (5th ed. 1979).

3. *Adams v. Queen Insurance Company of America*, 264 Ala. 572, 88 So.2d 331 (1956).