**In re Howard D. LEAN and Marlene Lean, Debtors.**

**Bertha FINBERG, a minor, by her parent and natural guardian, Robert Finberg, and Robert Finberg, in his own right, Plaintiffs,**

v.

**Howard D. LEAN and Marlene Lean, Defendants.**

**Bankruptcy No. 81–00723K.
Adv. No. 81–0522K.**

United States Bankruptcy Court,
E. D. Pennsylvania.

March 4, 1982.

Harry Aaron Rubin, Philadelphia, Pa., for plaintiffs.

Steven E. Wolfe, Bensalem, Pa., for debtors/defendants.

James J. O'Connell, Philadelphia, Pa., trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court as a result of a complaint to determine the dischargeability of a debt. Plaintiffs charge that the conduct of the defendant, Howard D. Lean, constitutes a willful and malicious injury by the debtor to the plaintiffs on property of the plaintiff. The Court finds that the plaintiffs have produced sufficient evidence to show a willful and malicious injury. The Court will, therefore, enter an Order stating that this debt is barred from discharge.[1]

The debtor, and the defendant herein, is the owner and president of Gold Nook, Inc. At various times during January and February of 1980, Bertha Finberg, a minor, sold jewelry to the debtor for cash. This jewelry had been stolen from her parents. Upon discovery of her actions, Robert Finberg, her father, went to the Gold Nook, Inc. Mr. Finberg informed the debtor that the jewelry had been stolen and requested that the items be returned. Defendant refused.

The plaintiffs then filed a trespass action in the Philadelphia Court of Common Pleas charging the defendant with conversion and seeking in excess of $15,000 in damages. On February 21, 1981, the debtor filed the instant petition for relief under Chapter 7 of the Bankruptcy Code. The liability to the Finbergs was scheduled as an unliquidated and disputed unsecured claim.

Plaintiffs filed the instant complaint to determine dischargeability of their claim on June 2, 1981. The complaint asserted that this debt should be barred from discharge

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

under § 523(a)(6) of the Bankruptcy Code, which provides that:

> (a) A discharge . . . does not discharge an individual debtor from any debt—
>> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

Trial on this complaint was held on July 9, 1981. Testimony was taken from both Robert and Bertha Finberg and from Howard Lean. The testimony of the plaintiffs and defendant was nearly diametrically opposite in almost every respect. The Court finds that the testimony of the Finbergs is more credible than the defendants.

The testimony of the plaintiffs showed that jewelry valued at over $9,000 was bought by the defendants for a total of $228.00. Furthermore, at the trial, the Court noted the extremely youthful appearance of Bertha Finberg and indicated that this alone would be sufficient to put someone dealing with her on notice that he was not dealing with someone of mature judgment or who has reached their maturity. Miss Finberg was fifteen (15) years of age at the time she sold the jewelry to the defendant. At the trial nearly eighteen (18) months later, the Court noted her appearance to be that of a fourteen-year old. Plaintiff asserts that these facts are of such a nature as to give the defendants reasonable cause to believe the jewelry was stolen.

Plaintiff asserts that the defendants' receipt of the stolen goods and their refusal to return them to the rightful owner constitutes a conversion of the property of another. The tort of conversion, also known as trover and conversion, is analogized by the plaintiff to the criminal offense of receiving stolen goods.

■ Under Pennsylvania law, a person is guilty of a crime if he receives property of another knowing it has been stolen or believing that it probably has been stolen. 18 *Pa.Cons.Stat.Ann.* § 3925 (Purdon). The defendants need only have reasonable cause to believe that the goods were stolen. *Commonwealth v. Vernille*, 275 Pa.Super. 311, 418 A.2d 713 (1980). In determining whether a defendant is guilty under the statute, the Court may rely on circumstances which would lead a reasonably prudent man to suspect that the goods may have been stolen. *Commonwealth v. Garzal*, 194 Pa.Super. 132, 166 A.2d 314 (1960); *Commonwealth v. Frankina*, 156 Pa.Super. 152, 39 A.2d 628 (1944). Factual situations similar to the instant case have resulted in convictions under the statute. *Commonwealth v. Cohan*, 177 Pa.Super. 532, 111 A.2d 182 (1959) (sale of stolen jewelry to dealer); *Commonwealth v. Vogle*, 174 Pa.Super. 541, 102 A.2d 213 (1954) (sale of goods by a minor). The recipient of stolen goods can be found liable in tort for conversion. *Rohm v. Borland*, 4 Sad. 319, 7 A. 171 (1886).

■ The Court finds that the defendant had reasonable cause to believe that the goods were stolen. Furthermore, the defendant refused to return the goods to the rightful owner upon his demand. Therefore, the Court finds that the defendant has unlawfully converted personal property of the plaintiff to his own use.

■ Conversion is included within definition of willful and malicious injuries which will be excepted from discharge under the Bankruptcy Code. 124 *Cong.Rec.* S17412 (daily ed. October 6, 1975) (remarks of Sen. DeConcini) H11096 (remarks of Rep. Edwards); *In re Harris*, 8 B.R. 88 (Bkrtcy. M.D.Tenn.1980); *In re McGiboney*, 8 B.R. 987 (Bkrtcy.N.D.Ala.1980). In order for a debt to be non-dischargeable, the conduct of the defendant in effecting the conversion must be willful and malicious. *In re Gumieny*, 8 B.R. 602 (Bkrtcy.E.D.Wis.1981); *In re Dillman*, 10 B.R. 541 (Bkrtcy.N.D.Ala. 1981); *In re Haddad*, 10 B.R. 276 (Bkrtcy.D. Nev.1981). The definition of willful includes deliberate or intentional conduct. *H.R.Rep.No.*595, 95th Cong., 2d Sess. 363 1978; *S.Rep.No.*989, 95th Cong., 2d Sess. 77–79 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787. Plaintiff has the burden of proving that the act of conversion was performed deliberately or intentionally and with the intention to harm the creditor or his property. *In re Meyer*, 7 B.R. 932 (Bkrtcy.N.D.Ill.1981).

**192**

In this case, the Court finds the conversion of the plaintiff's property to have been deliberate and intentional. The debt arising from the conversion is non-dischargeable. The Court will enter an Order barring this claim from discharge.