448 A.2d 535
**COMMONWEALTH of Pennsylvania**
v.
**Barry A. BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1980.

Filed April 12, 1982.

Reargument En Banc Denied Aug. 19, 1982.

Petition for Allowance of Appeal Denied Oct. 12, 1982.

Roy Davis, Assistant Public Defender, Media, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before BROSKY, HOFFMAN and CIRILLO, JJ.

BROSKY, Judge:

On July 30, 1977, appellant, Barry Brown, was arrested for the armed robbery of a Hardy's fast-food restaurant which occurred the previous night. Five of the restaurant's employees, including the manager, observed appellant during the robbery. Approximately ten minutes after the robbery, two of the employees, Matthew and Lisa Kennedy, were shown photographs by the police in an attempt to identify the robber. The other employees were shown photographs the next day. All identified appellant from the photographs shown them. Thereafter, appellant was arrested and charged with robbery, criminal attempt, terroristic threats, theft by unlawful taking, receiving stolen property and crimes committed with firearms. On October 6, 1977, a suppression hearing was held for the purpose of determining the admissibility at trial of the photographic identification. The Commonwealth produced Officer Robert Adams, the officer who had arranged the photographic array, who testified in detail as to the procedure used. Following Officer Adams' testimony, the District Attorney called Matthew and Lisa Kennedy to the stand. An exchange then took place between the court and the District Attorney, following which the District Attorney moved to dismiss appellant's petition for suppression. The court sustained the motion, stating that the evidence presented indicated that the procedure used was careful and fair and "exceptionally good."

On November 21, 1977, appellant's jury trial ended in a hung jury. At the second trial on March 15, 1978, he was convicted of robbery. On March 22, 1978, appellant made timely motions for new trial and in arrest of judgment. Following denial of these motions, appellant took this appeal. On appeal, appellant raises the single issue of whether it was error for the suppression court not to require the identification witnesses to testify about the photographic identification procedure.[1] Appellant contends that the Commonwealth did not meet its burden of proving admissibility by offering only the testimony of Officer Adams. He argues that he was deprived of his opportunity to examine the witnesses with regard to the manner in which the photographs were shown to them and what, if anything, was said to them by Officer Adams. Since the defense presented by appellant at trial was an alibi defense, he argues that the identification of him by the witnesses in question was critical to his defense.

Our standard of review here is limited to determining whether the findings of the suppression court are supported by the record and whether the inferences and legal conclusions based thereon are correct. *Commonwealth v. Simmons*, 482 Pa. 496, 394 A.2d 431 (1978).

However, the suppression judge did not make findings of fact and conclusions of law here with regard to whether the witnesses should have been required to testify. It appears

---

1. Initially, there is a question as to whether appellant has preserved this issue for our review, since it was not specifically set forth in appellant's post-trial motions as required by Pa.R.Crim.P. 1123(a). However, appellant's counsel did file a "Brief In Support Of Motions In Arrest Of Judgment And/Or Motions For New Trial" in which the issue was raised and discussed, and the lower court considered the issue in its opinion. In *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979), our Supreme Court held that under these circumstances, the issue is preserved for review. While *Gravely* went on to hold that sixty days after the date of its July 6, 1979 filing, only those issues included in post-verdict motions will be considered preserved for review, in the instant case, the post-verdict motions were filed and denied prior to that date. Accordingly, we find that the above issue is preserved for review. *Commonwealth v. Golden*, 277 Pa.Super. 180, 419 A.2d 721 (1980); *Commonwealth v. Brown*, 489 Pa. 285, 414 A.2d 70 (1980).

from the judge's remarks that he was satisfied with the officer's testimony and felt that it was sufficient to show that the procedure used was not unduly suggestive.

Under Pa.R.Crim.P. 323(h), the Commonwealth has the burden of going forward with the evidence and of establishing that the challenged evidence was not obtained in violation of the defendant's rights. There can be no doubt that, at the very least, the Commonwealth must produce the photographic display at the suppression hearing. *Commonwealth v. Hodge*, 246 Pa.Super. 71, 369 A.2d 815 (1977); *Commonwealth v. Jackson*, 227 Pa.Super. 1, 323 A.2d 799 (1974). Here, the photographs were produced, and defense counsel was given an opportunity to examine them.

In *Commonwealth v. Lee*, 262 Pa.Super. 280, 396 A.2d 755 (1978), appellant moved to suppress an "on the scene" identification made by the victim, on the ground that by not calling the victim to testify at the suppression hearing, the Commonwealth had failed to meet its burden of establishing that the identification was not unduly suggestive. The Commonwealth argued that it had met its burden by only having the police describe the identification procedure. We rejected the Commonwealth's contention, holding that at a hearing on a motion to suppress an "on the scene" identification, it is essential that the identifying witness testify.

In order to determine whether the suggestiveness of an "on the scene" identification is offset by its reliability, the suppression hearing judge must consider not only the procedure used by the police but also whether at the time of the crime the witness saw the criminal with sufficient clarity and for a sufficient length of time to have been able to make an identification. *The best, if not the only source of this information is the witness.* The hearing judge may also have to consider other facts peculiarly within the knowledge of the witness, as for example whether the witness for some reason felt pressured into making the identification, *how the witness perceived the identification procedure,* and what was the witness' physi-

cal and mental condition. Thus, by failing to produce the witness, the Commonwealth deprives the hearing judge of essential information. Moreover, the failure to produce the witness deprives the defendant of an opportunity to test the identification by cross-examination. The witness' response to cross-examination may be essential to the hearing judge in deciding what identification procedure the police adopted, how the procedure affected the witness, and also what was the witness' opportunity and ability to make an identification. After seeing the witness under cross-examination, the judge may decide that the witness could not make a reliable identification, or that the witness was in fact convinced that the defendant was the criminal only because the police presented him. Id., 262 Pa.Super. at 286–287, 396 A.2d at 757–758. [Emphasis added.]

In *Commonwealth v. Whiting*, 439 Pa. 205, 266 A.2d 738, *cert. denied* 400 U.S. 919, 91 S.Ct. 173, 27 L.Ed.2d 159 (1970), our Supreme Court, in holding that appellant's right to counsel at the pretrial identifications had been violated, cited *United States v. Wade*, 388 U.S. 218, 219–230, 87 S.Ct. 1926, 1933–1934, 18 L.Ed.2d 1149 (1967), for the proposition that "[a]s is the case with secret interrogations, there is serious difficulty in depicting what transpires at lineups *and other forms of identification confrontations.*" Id. 439 Pa. at 208, 266 A.2d at 739. [Emphasis added in *Commonwealth v. Whiting.*]

The court also cited *United States v. Zeiler*, 427 F.2d 1305, 1307 (3d Cir. 1970), wherein it was stated that "[t]he dangers of suggestion inherent in a corporeal line up identification are certainly as prevalent in a photographic identification." Id. 439 Pa. at 209, 266 A.2d at 740. We agree.

Although the suppression judge here expressed his satisfaction with the procedure used by the police, he made such determination based upon incomplete evidence. As *Lee* points out, it is not simply the procedure itself that is at

issue, but the witnesses' *perception* of the procedure. If the witnesses here had been required to testify, their version of the photographic identification might have differed materially from the police officer's account. By only considering the police officer's testimony, the suppression judge could only evaluate such factors as whether the witnesses were shown a sufficient number of photographs, and whether the photographs were chosen to closely resemble appellant. What he could not, and did not, evaluate was the *manner* in which the photographs were displayed to the witnesses; that is, whether anything was said to them by Officer Adams at the time of the identification, how many times appellant's picture was shown to them, and whether they were given the impression that appellant was, in fact, the perpetrator.

In addition, by not requiring the witnesses to testify, both the hearing judge and the appellant were denied the opportunity to benefit from cross-examination. *Commonwealth v. Lee,* supra.

For these reasons, we hold that the suppression court committed error in not requiring the identification witnesses to testify and concomitantly that, as a result of this error the Commonwealth did not carry its burden of proof at the suppression hearing as established by Pa.R.Crim.P. 323(h).[2]

Accordingly, we hereby remand to the court below with directions that it conduct a new suppression hearing. If, after a new hearing, it determines that the evidence concerned should not be suppressed, then the judgment of sentence shall stand affirmed. If, on the other hand, it determines that the evidence concerned or a part of it shall be suppressed, then the judgment shall be vacated and a new trial be granted.

**2.** For an analogous case concerning introduction of an affidavit without supporting testimony of real, live witnesses, who would be subject to cross-examination, in which we held that the Commonwealth had not met its burden of proof at the suppression hearing, see *Commonwealth v. Ryan,* 268 Pa.Super. 259, 407 A.2d 1345 (1979).