446 A.2d 924

**COMMONWEALTH of Pennsylvania**

v.

**Edward Earl CAYTON, Appellant.**

Superior Court of Pennsylvania.

Submitted May 22, 1981.

Filed June 4, 1982.

418

Paul Bogdon, Pittsburgh, for appellant.

Gerald R. Solomon, District Attorney, Uniontown, for Commonwealth, appellee.

Before PRICE, MONTGOMERY and VAN der VOORT, JJ.

VAN der VOORT, Judge:

A jury found appellant guilty on four charges of receiving stolen property and he was sentenced to one and one-half (1½) to three (3) years imprisonment on each count, all running concurrently. Three contentions have been raised on this appeal.

I. The Commonwealth failed to prove beyond a reasonable doubt the corpus delicti.

The charge in each case was that appellant bought from Joseph Van Divner, and/or his brother and sister, articles of personal property:

television sets;

a C.B. radio;

rifles;

a tool box; and

a necklace and ring.

All of the items had been purchased by the Van Divners from various retail stores, using, at the suggestion of, and with the knowledge of appellant, bad checks drawn by Van Divners against accounts with inadequate funds.

Joseph Divner, according to his own testimony, was an accomplice in these criminal episodes. He was the only witness against appellant. None of the stolen property was ever recovered or found in the possession of appellant although the police searched appellant's home and automobile and appellant's mother's home. Van Divner's brother and sister had left the jurisdiction and did not testify. The appellant testified in his own behalf, denying that he even knew Joseph Van Divner at the time of the various charges, or that Van Divner had been in his home.

Appellant lists the three elements of the crime of receiving stolen property:

(1) that goods were stolen;

(2) that the defendant received some or all of the goods; and

(3) that the defendant had reason to know that the goods were stolen.

*Commonwealth v. Kinsey,* 249 Pa. Superior Ct. 1, 375 A.2d 727 (1977); *Commonwealth v. Davis,* 444 Pa. 11, 280 A.2d 119 (1971). Appellant specifically complains that the Commonwealth failed to prove beyond a reasonable doubt that the property was stolen. He contends that the accomplice's testimony, without any corroboration by the merchants who were allegedly victimized was insufficient.

The thief, probably better than any person in the world, knows whether there was a theft and can so testify, and if the fact finder believes him it establishes the fact that the goods were stolen.

*Commonwealth v. Cohan,* 177 Pa. Superior Ct. 532, 541, 111 A.2d 182 (1955). *See also, Commonwealth v. Gazal,* 194 Pa. Superior Ct. 132, 166 A.2d 314 (1960).

The trial court properly instructed the jury that it should exercise caution in evaluating the accomplice's testimony. *Commonwealth v. Mouzon,* 456 Pa. 230, 318 A.2d 703 (1974). Nonetheless, the uncorroborated testimony of an accomplice, if credible to the fact-finder, may be a sufficient basis for a conviction. *Commonwealth v. Hudson,* 489 Pa. 620, 414 A.2d 1381 (1980). In this case, the jury chose to believe the accomplice instead of appellant. After reviewing the entire record in the light most favorable to the Commonwealth and drawing all reasonable inferences favorable to the Commonwealth, as we are required to do, *Hudson, Id.,* we find that the evidence was sufficient to support the jury's finding of guilt beyond a reasonable doubt.

II. Appellant argues that trial counsel rendered him ineffective assistance by informing the jury in his opening statement and by questioning the appellant on the stand about appellant's prior guilty plea to a charge of theft.

Both sides agree that the applicable controlling principle is stated in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967); specifically, that counsel's assistance may not be deemed constitutionally ineffective if the course chosen by counsel had some reasonable basis designed to assist his client's cause. In the present case, trial counsel obviously intended to have appellant testify in

his own behalf, and, as the affidavit he filed in this case states he informed the jury of appellant's prior conviction because he anticipated that otherwise the prosecution would raise the issue.

This certainly seems a plausible exercise of judgment by trial counsel under *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973) and the many cases that have followed it; evidence of a prior conviction for theft would have been admissible, in the discretion of the trial court, for the purpose of impeaching the appellant's testimony. The current case is clearly distinguishable from *Commonwealth v. Lane*, 476 Pa. 258, 382 A.2d 460 (1978), relied upon by appellant. There counsel was found ineffective when, during summation to a judge sitting without a jury, defense counsel made reference for the first time to a prior criminal record. Here counsel was effective in apprising the jury of the prior conviction so as to prevent the prosecution from raising the matter in a light more damaging to appellant.

III. Appellant argues that Van Divner's testimony, on direct and on cross-examination, that he had received no threats or promises in return for his testimony "must, under the circumstances, be presumed to be false", and that the Commonwealth failed in its burden of overcoming that presumption.

Two days after the verdict in this present case, Van Divner's attorney filed a Motion for Accelerated Rehabilitative Disposition. The Commonwealth consented to the disposition. On January 4, 1978, Van Divner was placed on probation.

Appellant relies upon *Commonwealth v. Hallowell*, 477 Pa. 232, 383 A.2d 909 (1976). There an essential prosecution witness, denied on cross-examination that he had any expectations of leniency. In *Hallowell*, it was developed after the trial of Hallowell, that the witness had been promised before the trial, that the Commonwealth would recommend a lesser sentence for the witness if he cooperated in Hallowell's trial, all of which was subsequently accomplished for the witness.

The Supreme Court found that the prosecuting attorney had an affirmative duty to correct the testimony of a witness which he knew to be false. The Supreme Court therefore reversed the conviction in *Hallowell* and ordered a new trial.

Attached as an exhibit to appellant's petition for permission to file post trial-motions nunc pro tunc [1] was a reproduction of Van Divner's ARD motion. On the page where the District Attorney's signature appears consenting to the motion, there is present a hand written notation to the effect that such consent was pursuant to a plea bargain in return for Van Divner's testimony against appellant.

■ The situation before this court is slightly different from the situation present in *Hallowell*. On the basis of the current record it is unclear when the Commonwealth informed the witness that it would consent to ARD, also the extent of the "plea bargain" is unclear. Did the Commonwealth merely say it would consider the witness's cooperation when deciding on ARD or did the prosecution actually promise to go along with ARD? In *Hallowell*, the record showed plea negotiations were instituted on the day of the arrest and the Commonwealth bound itself to make a specific recommendation at sentencing, which it did. In *Commonwealth v. Moehring*, 445 Pa. 400, 285 A.2d 487 (1971) it was demonstrated that the prosecution petition to nolle pros the indictment against a witness was filed a month before the defendant's trial. The petition claimed that the witness would give testimony in the defendant's case. The nolle pros was granted eleven days after the trial in which the witness testified. A new trial was granted to the defendant.

In comparison, in *Commonwealth v. Floyd*, 259 Pa. Superior Ct. 552, 393 A.2d 963 (1978), appellant's claim had no support in the record. Appellant there argued that the Commonwealth should have disclosed offers of leniency in return for testifying. However, there was nothing in the

1. Appellant became aware of such ARD request subsequent to the filing of his initial post-verdict motion. The court allowed the nunc pro tunc motion and by stipulation oral argument was supplanted by the filing of briefs.

record to show that such promise had been made or carried out. The judgment of sentence was affirmed.

The current appeal is somewhere in between *Hallowell* and *Floyd*. Without knowing the essence of the alleged agreement and when it was supposedly consummated, we are not justified in awarding a new trial. Nor do we find it appropriate to affirm the lower court as there is some indication that the testimony may have resulted from a bargain struck between the witness and the prosecution. Therefore we find it necessary to remand for an evidentiary hearing. If the lower court should determine that Van Divner's testimony was given in conjunction with a Commonwealth's prior promise to consent to ARD for Van Divner, then it shall award appellant a new trial. Should the court however determine that the witness's testimony was not related to a plea bargain or that it was a result of the witness's one sided hope that he would be treated leniently, the trial court shall reimpose the judgment of sentence. The parties may then appeal from the court's order. We do not retain jurisdiction.

Judgment of sentence vacated and case is remanded for proceedings not inconsistent with this Opinion.