492 A.2d 1133
**COMMONWEALTH of Pennsylvania, Appellant,**
v.
**Richard WOJTCZAK.**
Superior Court of Pennsylvania.
Submitted Nov. 2, 1984.
Filed May 10, 1985.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellant.

Jeffrey A. Kroberger, Erdenheim, for appellee.

Before SPAETH, President Judge, and OLSZEWSKI and CERCONE, JJ.

CERCONE, Judge:

This case arises on appeal by the Commonwealth ("appellant") from an Order dated January 8, 1983 in which the Court of Common Pleas of Montgomery County vacated the judgment of sentence originally imposed and granted the defendant a new trial. The Order was in response to defendant's petition under the Post Conviction Hearing Act, 42 Pa.C.S.A. § 9541 *et seq.*, in which defendant contended that trial counsel was ineffective in (1) failing to call the identification witnesses at the pre-trial suppression hearing and (2) in eliciting evidence of defendant's prior convictions for sex related offenses from defendant on direct examination where defendant was on trial for a sex offense. The court below found this conduct by trial counsel to constitute ineffective assistance of counsel and, therefore, granted defendant a new trial. We reverse.

Defendant was found guilty of Involuntary Deviate Sexual Intercourse, Burglary, Felonious Restraint, Corruption of Minors and Indecent Assault. The charges arose out of an incident where a man (allegedly the defendant) entered the bunk room of a camp building at a private summer day camp and there invited a nine-year-old girl to accompany him into an older camp building. Once in the older building, the man grabbed the girl, put one hand over her mouth holding a knife in his other hand, threatened to kill her if she said anything, and forced her to engage in the act of sodomy. The victim observed the man throughout the occurrence in both the bunk room and the lobby of the first

camp building which were well lighted and in the older building which was not well lighted. The incident occurred at noon on a sunny day. The director of the camp, the second witness, observed the man making a telephone call in the lobby of the first building. Both the victim and the director of the camp reported the crime to the police and gave a description of the man responsible. He was described as white, mustached and dressed in maroon pants and jacket. Maroon pants and jacket were found in defendant's house when it was searched.

Both the witness and the victim independently identified defendant in photographic arrays prior to his arrest. At the pre-trial suppression hearing, the officer who conducted the photographic identification process testified that he presented two photographic arrays to each of the identifying witnesses. The first array contained eight photographs of white males, one of which was the petitioner. After viewing this array neither of the identifying witnesses was able to make a positive identification. In the presence of the witnesses, the officer took out the picture of defendant and substituted an older photograph of him. Based on this later array, both witnesses identified the defendant. Neither witness was called to testify at the suppression hearing.

At the suppression hearing, trial counsel filed a motion to exclude defendant's prior convictions from being entered into evidence. The court ruled that the motion was premature. Counsel did not raise this motion at any subsequent proceeding. At trial, on direct examination, counsel asked defendant questions which revealed his prior convictions on sexual offenses.

Trial commenced following denial of defendant's motion to suppress identification and items seized. At the request of defendant's counsel, defendant was seated in the courtroom, rather than at counsel table, in a row of seats with a few other white males selected by his counsel. When asked to identify her assailant, the victim left the witness stand and led the assistant district attorney directly to the defend-

ant and pointed him out as the man who was responsible for the crime.

At the PCHA hearing in this matter, defendant's trial counsel testified that he did not call the identifying witnesses during the pre-trial proceedings so as to prevent them from having further opportunity to observe the photo array or to observe the defendant. He reasoned that the effect of further observations would only serve to reinforce the defendant at trial. He further testified that he had decided to introduce defendant's prior criminal record for three reasons. The first was to show that defendant was being honest. The second was to show that none of his prior convictions were for crimes of violence. The third was to minimize the impact of such information on the jury.

In granting the applicant a new trial, the court below stated that our earlier holding in *Commonwealth v. Brown*, 302 Pa.Super.Ct. 80, 448 A.2d 535 (1982),[1] mandated a new trial. It cited *Brown* for the proposition that absent the testimony of the identification witnesses, the suppression court lacked facts necessary to determine whether or not the witness could make a reliable identification and, therefore, the Commonwealth had failed to carry its burden of proof.

The lower court's reliance on *Brown* is misplaced. In *Brown*, the defendant/appellant was appealing his conviction on a single issue, that is, whether it was error for the suppression court not to require the identification witnesses to testify about the photographic identification procedure. Our scope of review there was limited to whether the findings of the suppression court were supported by the record and whether the inferences and legal conclusion based thereon were correct.

1. We note that *Commonwealth v. Brown, supra,* is no longer an accurate statement of the law in our Commonwealth. The court in *Brown* relied on the holding in *Commonwealth v. Lee,* 262 Pa.Super.Ct. 280, 396 A.2d 755 (1978) for its decision. Subsequently, *Lee* has been overruled by an *en banc* decision of this court, *Commonwealth v. Thompkins,* 311 Pa.Super.Ct. 357, 457 A.2d 925 (1983) in which I dissented.

■ In the instant case, we are reviewing an Order granting a new trial based on a decision of ineffectiveness of trial counsel. Our scope of review on this issue is twofold: (1) whether the issue underlying the charge of ineffectiveness is of arguable merit, and (2) if so, whether the course chosen by counsel had some reasonable basis designed to effectuate his client's interests. *See: Commonwealth v. Stoyko,* 504 Pa. 455, 472, 475 A.2d 714, 723 (1984); *Commonwealth v. Tann,* 500 Pa. 593, 600, 459 A.2d 322, 326 (1983).

The underlying issue is whether the photographic identification procedure was so unduly suggestive as to give rise to a substantial likelihood of misidentification and whether, if suggestive factors were involved, the witnesses' in-court identification had an "independent origin" in the witnesses' observation at the time of the crime. These certainly are issues of arguable merit. This court has long recognized the dangers involved in the photographic identification process. *See i.e., Commonwealth v. Brown, supra; Commonwealth v. Johnson,* 301 Pa.Super.Ct. 13, 446 A.2d 1311 (1982). Accord: *Commonwealth v. Fowler,* 466 Pa. 198, 204, 352 A.2d 17 (1976) citing *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). However, on appellate review, we must consider whether defendant's trial counsel had a reasonable basis, designed to effectuate his client's interests, for his trial tactics. In *Commonwealth v. Dunbar,* 503 Pa. 590, 470 A.2d 74 (1983), our Supreme Court said:

> Before a claim of ineffectiveness can be sustained, it must be determined that, in light of all the alternatives available to counsel, the strategy actually employed was so unreasonable that no competent attorney would have chosen it.... The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. We presume counsel is effective. Moreover, the burden of establishing ineffectiveness rests upon his client.

312

*Id.*, 503 Pa. at 596, 470 A.2d at 77. Accord: *Commonwealth v. Litzenberger*, 333 Pa.Super.Ct. 471, 482 A.2d 968 (1984).

█ Trial counsel testified that he chose not to call the identifying witnesses to the suppression hearing in the hope that the victim and her witness would be unable to identify the defendant at trial. We find counsel's strategy to be reasonable within the dictates of *Dunbar*. The victim was nine-years-old at the time of the incident. The trial took place five-and-one-half months later. Although the child had clearly seen the defendant at the time of the incident, it is not an unreasonable strategy to prevent the child/victim's viewing of defendant or his photograph in the hope that she would be unable to identify him at trial.

█ The second issue is whether trial counsel was ineffective by raising defendant's prior convictions on direct examination. The court below found this to be evidence of ineffective assistance of counsel. Based on the facts of this case, we disagree.

At the suppression hearing, trial counsel did present a written Motion to Suppress defendant's prior convictions. The motion was not ruled on as it was premature. Counsel did not raise the motion at trial. The court below found that the crimes involved were not *crimen falsi* offenses and, therefore, if counsel had raised such a motion, the trial court would have granted it. Relying on a Supreme Court opinion in *Commonwealth v. Zapata*, 455 Pa. 205, 314 A.2d 299 (1974) and on *Commonwealth v. Candia*, 286 Pa.Super.Ct. 282, 428 A.2d 993 (1981), the court below found that counsel's strategy was "grossly inappropriate" and did "nothing but harm petitioner's case." In both *Zapata* and *Candia*, the appellate courts found trial counsel's introduction of defendant's prior convictions to establish a claim of ineffectiveness of counsel.

█ The lower court's finding that a motion to suppress defendant's prior convictions would have been granted at trial because the previous convictions involved were not

*crimen falsi* does not dispose of that question. There are two general exceptions to the rule that evidence of prior criminal conduct is inadmissible to impeach a defendant who testifies in his own defense. The first is evidence that the defendant has been convicted of *crimen falsi. Commonwealth v. Bighum,* 452 Pa. 554, 307 A.2d 255 (1973). The second exception arises if the defendant places his character in issue by presenting evidence that a particular aspect of his character is good. If he did so, then evidence of prior criminal activity that served to rebut that particular aspect of his character would be admissible. *Commonwealth v. Hayes,* 314 Pa.Super.Ct. 112, 126–127, 460 A.2d 791, 798 (1983) (Spaeth, J., dissenting) citing *Commonwealth v. Moore,* 246 Pa.Super.Ct. 163, 369 A.2d 862 (1977) and 42 Pa.C.S.A. § 5918(1) (1982). *See also, Commonwealth v. Palmer,* 315 Pa.Super.Ct. 601, 611, 462 A.2d 755, 760 (1983).

As previously stated, trial counsel introduced the defendant's prior criminal record for three reasons. They were to show that he was honest, to show that his prior convictions had not been for crimes of violence, and to minimize the impact of such information on the jury by introducing it on direct examination rather than having it introduced by the Commonwealth.

The only defense witness, other than the defendant himself, was his wife. On direct examination, she testified that he was not a violent person, had never struck her and had only occasionally struck their child in a disciplinary-type of manner (T.T.R. 172). By eliciting such information, defendant was placing his character as a non-violent person in issue. Therefore, it is highly likely that the trial judge would have allowed the prosecution to raise defendant's past record in an attempt to impeach this character evidence.

The Supreme Court's holding in *Commonwealth v. Zapata, supra,* did not establish a *per se* rule. "Nevertheless, there may be situations where a defense attorney is substantially certain that the prosecution will utilize a defendant's prior convictions if he decides to testify. In those

situations, it may be reasonable trial strategy for the defense to bring those convictions out on direct examination in order to minimize their impact, thus muting the prosecutor's thunder." *Supra,* 455 Pa. at 208, 314 A.2d at 301. Likewise, this court in *Commonwealth v. Candia, supra,* did not establish a *per se* rule. In that case, the court found that trial counsel's decision to question the appellant about his past criminal acts served only to invite "very damaging cross-examination by the Commonwealth," *supra* 286 Pa.Super. at 288, 428 A.2d at 996, however, in that case there was no evidence that the defendant's character was in issue. On several occasions subsequent to *Zapatta* and *Candia,* this court has found trial counsel not to be ineffective for raising a defendant's prior criminal record. *See, i.e., Commonwealth v. Palmer, supra,* and *Commonwealth v. Cayton,* 300 Pa.Super.Ct. 417, 446 A.2d 924 (1982).

Therefore, we find, in light of the fact that the Commonwealth had an apparently very strong case against defendant and that he had no strong defense, that the strategy employed by trial counsel was not so unreasonable as to support defendant's claim of ineffectiveness. Based on the foregoing reasoning, we must reverse the Order of the court below which granted appellant a new trial.

Reversed.

SPAETH, President Judge, files a dissenting opinion.

SPAETH, President Judge, dissenting:

I should find trial counsel ineffective, and should therefore affirm the order granting a new trial. Indeed, I believe we should affirm on the opinion of the trial court, LOWE, P.J., which correctly characterizes counsel's "strategy [as] grossly inappropriate". Slip op. of tr. ct. at 1136.

It was the Commonwealth's burden to demonstrate "by clear and convincing evidence at a suppression hearing that the witness's proposed trial identification will be reliably based on the witness's observations at the scene of the

crime.... Whether the prosecution has met its burden requires a consideration of the totality of the circumstances." *Commonwealth v. Fowler*, 466 Pa. 198, 204, 352 A.2d 17, 20 (1976). "The essential criteria in determining whether or not evidence of pre-trial identification is admissible is its *reliability* under all of the circumstances disclosed by the record." *Commonwealth v. Thompkins*, 311 Pa.Super.Ct. 357, at 363, 457 A.2d 925, at 928 (1983) (emphasis in original). Here, the only evidence of reliability offered by the Commonwealth at the suppression hearing was the testimony of the officer who conducted the identification procedure. It would seem impossible to undermine the reliability of the identifications without calling the witnesses themselves. I find counsel's explanation of why he didn't call them—that he wanted to minimize the possibility of an accurate in-court identification—quite unpersuasive: Why bother to make a motion to suppress and then conduct its prosecution so weakly as to ensure its denial?

Be this as it may, counsel's conduct of the motion to suppress is not the only issue: counsel also chose, on direct examination of appellant, to disclose that appellant had a prior record involving seventeen sexual offenses over the past fourteen years (at least two involving children). It is hard to imagine an attorney doing a greater disservice to his client's case. While the majority is of course correct that *Commonwealth v. Zapata*, 455 Pa. 205, 314 A.2d 299 (1974), and *Commonwealth v. Candia*, 286 Pa.Super.Ct. 282, 428 A.2d 993 (1981), do not establish a *per se* rule, those cases nevertheless should control our decision here, as the trial court noted. In *Zapata*, the Supreme Court cautioned that before defense counsel introduces evidence of prior crimes, "counsel should be convinced that such evidence is available to the prosecution.... In the absence of such certainty, counsel would be acting 'ineffectively' ...," 455 Pa. at 208, 314 A.2d at 301. And in *Candia* this court equally decisively rejected the "strategy" of introducing evidence of a prior conviction to establish credibility when, as here, the conviction was not for a *crimen falsi*.

316

The majority's suggestion that appellant placed his character as a non-violent person in issue through his wife's testimony is not persuasive. Even if he did, since his prior convictions were for non-violent offenses, they would not have been available for impeachment. But in any case, counsel could have had no reasonable basis to suppose that he would serve appellant's interest by introducing evidence of appellant's character, whether through the wife's testimony or through proving appellant's prior criminal record.

The order granting a new trial should be affirmed.