J-S88023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOHN BRADLEY | |
| Appellant | No. 3045 EDA 2015 |

Appeal from the PCRA Order September 18, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001873-2008

BEFORE:  OLSON, J., RANSOM, J., and STRASSBURGER, J.[*]

MEMORANDUM BY RANSOM, J.:          **FILED FEBRUARY 24, 2017**

Appellant, John Bradley, appeals from the September 18, 2015 order, denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We adopt the PCRA court's recitation of the facts in this case for purposes of this appeal.  **See** PCRA Court Opinion (PCO), 5/10/16, at 1-10. In short, on November 10, 2007, Appellant shot Izeem Greer in the head, killing him.  The murder occurred following a feud that Mr. Greer's younger brother had with the daughter of one of Appellant's friends.  Three eyewitnesses were present at the scene of the shooting, and a neighbor came forward to give information.  They later testified at trial.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On September 15, 2009, a jury trial commenced. Appellant testified in his own defense. Following the trial, Appellant was convicted of first degree murder, carrying a firearm without a license, and possessing an instrument of crime ("PIC").[1] Following Appellant's conviction, he was immediately sentenced to life imprisonment for first degree murder, with concurrent sentences of three to six years of incarceration for the firearm charge and two to four years of incarceration for PIC.

On October 2, 2009, Appellant timely filed an appeal with this Court. On June 14, 2011, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Bradley*, 31 A.3d 743 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 34 A.3d 81 (Pa. 2011).

Appellant *pro se* timely filed the instant petition on August 21, 2012. On June 5, 2014, Appellant filed a counseled, amended petition. The Commonwealth filed a motion to dismiss. On September 18, 2015, the PCRA court formally dismissed Appellant's petition.[2]

---

[1] 18 Pa.C.S. §§ 2502, 6106, and 907(a), respectively.
[2] From a review of the record, it does not appear that the PCRA court sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed without a hearing. *See* Pa.R.Crim.P. 907. Nor does it appear that there was a hearing. However, Appellant does not challenge this action on appeal, and the failure to challenge the absence of a Rule 907 notice constitutes waiver. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013). Even if this issue was raised, it does not automatically warrant reversal. *Id.*

Appellant timely appealed. The PCRA court did not order him to file a Pa.R.A.P. 1925(b) statement of errors but issued an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellant raises a single issue for our review:

Did the PCRA court err by denying Appellant relief on his claim asserting that trial counsel rendered ineffective assistance of counsel when he elicited Appellant's prior criminal record in his direct examination of Appellant?

Appellant's Brief at 3.

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

In this case, the PCRA court dismissed Appellant's petition without a hearing. *See* PCRA Court Order, 9/15/15, at 1. There is no absolute right to an evidentiary hearing. *See Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." *Springer*, 961 A.2d at 1264.

- 3 -

We presume counsel is effective. ***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) that counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." ***Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. ***Id.*** A claim will be denied if the petitioner fails to meet any one of these requirements. ***Commonwealth v. Springer***, 961 A.2d 1262, 1267 (Pa. Super. 2008) (citing ***Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007)); ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

Appellant claims that trial counsel provided ineffective assistance of counsel when he had Appellant admit, during direct examination, that he had been twice convicted of selling drugs. ***See*** Appellant's Brief at 20. Appellant argues that appellate courts have found such an action constitutes ineffective assistance of counsel where there is no strategic basis for the decision. ***Id.*** Appellant claims he suffered prejudice because the testimony advised the jury that Appellant was a criminal, undermined his credibility

- 4 -

and alibi defense, and opened the door for the prosecution to cross-examine Appellant regarding his prior convictions and use of a gun. *Id.*

The introduction of a prior criminal record may prejudice a jury, though there are some situations when the introduction of such evidence may produce some result favorable to the defendant. *See Commonwealth v. Zapata*, 314 A.2d 299, 301 (Pa. 1974). *Zapata* did not introduce a *per se* rule. *See Commonwealth v. Wojtczak*, 492 A.2d 1133, 1136-37 (Pa. Super. 1985). The introduction of prior criminal records may have a reasonable basis depending on the situation. *Zapata*, 314 A.2d at 301. Despite the fact that the introduction of a prior criminal history may be prejudicial, an Appellant must still show that but for counsel's actions, the result would have been different. *Johnson*, 966 A.2d at 533.

The testimony elicited was as follows:

> **Q**: Have you ever been convicted of a crime?
> **A**: Yes. I'm not sure what year. I believe it was two drug cases that was [*sic*] consolidated.
> **Q**: Do you remember what your sentence was?
> **A**: Intermediate punishment. Inpatient program, inpatient/outpatient, you know, you went to a program. Inpatient is usually long-term, for about four months. Basically NA for AA, Alcoholics Anonymous, Narcotics Anonymous.

Notes of Testimony (N. T.), 9/18/09, at 112-13. The Commonwealth did cross examine Appellant about the nature of his drug dealing activities, alleged possession of a gun, which Appellant denied, and his appearances in court. *Id.* at 125-75. However, despite his assertions, Appellant cannot prove prejudice.

As the trial court noted in its 1925(a) opinion,

[W]hen viewing all evidence in the totality, the evidence against Appellant was overwhelming. Appellant faced evidence which included testimony by three eye-witnesses, all of whom knew Appellant. Derrick Bennett identified Appellant in a photo lineup and testified at trial that he saw Appellant shoot Izeem Greer. Additionally, Thomas Bliss testified at trial that he witnessed the shooting then called the police. Mr. Bliss also testified that the shooter ran directly towards him and he got "a good look at his face." Mr. Bliss then identified Appellant in a photo lineup. Finally, Thomas McCants confirmed that he wrote in a statement to police that he witnessed Appellant shoot Izeem Greer and that he was read his statement back before he signed it and attested to its accuracy. On re-direct examination, he admitted that he did go to Izeem Greer's family's home to tell them that the victim had been shot by Appellant.

As an additional matter, the [c]ourt stated in its September 28, 2010 Opinion that Appellant did not present a sufficient alibi defense to create a reasonable doubt.

PCO at 12-13.

Thus, because the evidence against Appellant was overwhelming and Appellant cannot show that but for counsel's errors, the outcome of his trial would have been different, the PCRA court did not err in its dismissal of his petition. *See Johnson*, 966 A.2d at 533.

Order affirmed.

Judge Olson joins the memorandum.

Judge Strassburger files a dissenting memorandum.

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/24/2017</u>