Commonwealth *v.* Lopinson, Appellant.

Argued April 30, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

reargument refused November 14, 1972.*

---

* Reporter's Note: On May 14, 1973, the Supreme Court of the United States denied a petition for a writ of certiorari.

*Oscar Spivack,* with him *A. Charles Peruto,* for appellant.

*James D. Crawford,* Deputy District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, October 4, 1972:

In 1965, following a jury trial in the Philadelphia Court of Common Pleas, the appellant was convicted of first-degree murder. The jury fixed the penalty at death. The conviction and sentence were affirmed by this Court, *Commonwealth v. Lopinson,* 427 Pa. 284, 234 A. 2d 552 (1967). The United States Supreme Court vacated the judgment of sentence and remanded to this Court for reconsideration in light of *Witherspoon v. Illinois,* 391 U.S. 510 (1968). This Court, in turn, remanded the case to the court below for a determination of the *Witherspoon* issue. The court below found no violation of the standards enunciated in *Witherspoon* and filed a report to the Supreme Court of Pennsylvania to that effect. Appellant filed exceptions to the report.

Inasmuch as the United States Supreme Court, in *Furman v. Georgia,* 408 U.S. 238 (1972), has ruled that the imposition of the death penalty under statutes such as the one in which the death penalty was imposed upon appellant* is violative of the Eighth and Fourteenth Amendments, it is unnecessary for us to consider appellant's claim of noncompliance with the *Witherspoon* standard. The Supreme Court, in *Moore v. Illinois,* 408 U.S. 786, 800 (1972), quot-

---

* Act of June 24, 1939, P. L. 872, §701, *as amended,* 18 P.S. §4701.

ing from *Witherspoon,* stated: "Nor finally, does today's holding render invalid the *conviction,* as opposed to the sentence, in this or any other case. The sentence of death, however, may not now be imposed." *See Commonwealth v. Bradley,* 449 Pa. 19, 295 A. 2d 842 (1972).

The sentence of death is vacated and appellant is sentenced to life imprisonment.

The former Mr. Chief Justice BELL and the former Mr. Justice BARBIERI took no part in the decision of this case.