428 A.2d 993
**COMMONWEALTH of Pennsylvania,**

v.

**Miguel CANDIA, Appellant.**

Superior Court of Pennsylvania.

Submitted March 13, 1980.

Filed April 20, 1981.

Mildred A. Molino, Easton, for appellant.

John E. Gallagher, District Attorney, Easton, for Commonwealth, appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

BROSKY, Judge:

Appellant was convicted at trial without a jury of possession with intent to deliver heroin. Candia was ordered to pay costs of prosecution, make restitution of One Hundred Dollars ($100) and be incarcerated for nine (9) months to two (2) years. Post-trial motions were filed by trial counsel;

and at all post-trial proceedings, appellant was represented by new counsel. On January 29, 1979, an evidentiary hearing pursuant to post-trial motions was held to determine if trial counsel was effective. Original counsel was found effective.

Candia presents two issues before us for determination. First, he claims the verdict was against the weight of the evidence. And, second, he asserts that he received ineffective assistance of counsel at trial.

Appellant was arrested on February 16, 1978. Candia, undercover police officer, Ms. Denise Duez, and informant, Ms. Bonnie Johnson—an admitted heroin user—met at appellant's house where Johnson planned to purchase heroin. Johnson asked appellant for One Hundred Dollars' ($100) worth of heroin. Candia allegedly secured some foiled-covered packages from an upper floor of the house, brought them downstairs—as witnessed by Johnson and Duez—and asked Johnson to go with him to another room outside Trooper Duez's view. Johnson then returned to Duez who witnessed the foil parcels in Johnson's possession.

The Commonwealth presented Johnson's testimony to prove their case. It was corroborated in substantial part— as to all incidents within Duez's perception—by Trooper Duez at trial. However, appellant contends that Johnson's testimony is not credible and that Duez's corroborating statements presented evidence she physically could not have witnessed. Specifically, Duez stated she saw appellant carry the packets downstairs from the second floor. Candia presented an expert who demonstrated by a drawing that Duez's position in the house would not have permitted such a view. Johnson testified the actual transfer of heroin and money occurred in a separate room outside Duez's vision. However, appellant's witness, Jeanette Glenn, stated she was with all the parties during their interchange and that *no one* left the one room where all persons sat.

Johnson has used heroin for the past eight years, has been convicted of retail theft, and was arrested immediately prior to the events in this case in a drug-related incident.

The standard by which we review the sufficiency of the evidence requires this court to review the record accepting as true all evidence favorable to the Commonwealth and considering all reasonable inferences which are drawn from that evidence. *Commonwealth v. Ilgenfritz*, 466 Pa. 345, 353 A.2d 387 (1979). Our review is also mindful of the absence of authority holding a heroin user's testimony necessarily suspect.

We hold the trial court was well within its discretion in finding the testimony of Johnson credible. *Commonwealth v. Harper*, 485 Pa. 572, 403 A.2d 536 (1979). Furthermore, in light of our decision that the Commonwealth's testimony was properly found credible, we find—after a review of the entire record and all reasonable inferences arising from that record—that the trial court had sufficient evidence upon which it reached its decision.

Candia also remonstrates that he did not receive effective assistance of counsel. Appellant states the ineffectiveness resulted from three actions by trial counsel. First, original counsel's insistence that Candia waive his right to a jury trial. Second, trial counsel's strategy in use of a general denial by appellant. And, third, original counsel's failure to challenge the Commonwealth's proof or non-proof by Commonwealth of chain of custody.

We will review these challenges to the decision of evidentiary hearing in light of *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–605, 235 A.2d 349, 352–353 (1967), where the Pennsylvania Supreme Court stated:

We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, implying a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is deter-

mined that trial counsel's decision had any reasonable basis.

Emphasis added.

██ A voluntary waiver of a jury trial will not be valid unless the record indicates the accused "knew the essential ingredients of a jury trial which are necessary to understand the significance of the right he was waiving." *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973) as appears in *Commonwealth v. Boyd*, 461 Pa. 17, 334 A.2d 610 (1975).

We are satisfied that the waiver was procedurally proper. It was obtained following a full waiver colloquy and appellant concedes he completely understood the right he was waiving. Appellant's brief, page 9. Candia argues that his conscious waiver was ineffective because it was based upon the faulty advice of his trial counsel.

██ Original counsel told appellant that he should seek a non-jury trial because Candia's language difficulties—Spanish/English—his ethnic background—Latin-American—and the probability that no persons from similar cultural backgrounds were likely to appear in the jury. We are unwilling to hold this strategy lacked "some *reasonable basis* designed to effect" appellant's interests, *Commonwealth ex rel. Washington v. Maroney*, supra. (Emphasis added.)

Candia charges that his original counsel improperly extracted testimony from him—regarding previous crimes—which subjected him to Commonwealth questioning which drew his character into disrepute. Candia answered original counsel's questions with the understanding that their purpose was to cause Candia to demonstrate his honest recollections of past criminal acts. In this fashion, appellant was to prove himself credible. Appellant, however, was subjected to cross-examination which ridiculed his character with the introduction of his past drug-related criminal activity. Appellant's counsel objected strenuously but to no avail. The trial court permitted the Commonwealth's line of questioning.

■ A defendant's past criminal activities may not be used to impeach him so long as he has not taken the stand and thereby not opened the door to cross-examination. Even if a defendant takes the stand, there are circumstances where the Commonwealth is not allowed to enter within the area where defendant's credibility is sheltered, however, no such circumstance exists in the instant case.

■ The direct examination of the appellant disclosed the following testimony:

Q. You have heard testimony given yesterday that stated that you made a drug sale, the transaction of heroin, four packets in here, to a Mrs. Bonnie Johnson on the 16th of February, 1978. Did you, in fact, sell drugs to that lady?

A. No, sir.

Q. Mr. Candia, have you ever been convicted of a crime before?

A. Yes, sir.

Q. When was that and what was involved?

A. That was in 1973, and it was—I plead guilty on a charge, a marijuana charge.

The crime described by the appellant is not a crimen falsi offense and therefore the procedures established in *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973) are inapplicable.

Furthermore, the testimony elicited on direct examination opened the door to cross-examination on Candia's previous crimes. Trial counsel's strategy in seeking this testimony was grossly inappropriate for the purposes he sought to achieve. The right to full cross-examination which does not go beyond the scope of the direct examination is guaranteed. *Commonwealth v. Lopinson*, 427 Pa. 284, 234 A.2d 552, *appeal after remand*, 449 Pa. 33, 296 A.2d 524, *cert. denied*, 411 U.S. 986, 93 S.Ct. 2269, 36 L.Ed.2d 963 (1967). Trial counsel's decision to question the appellant about his past criminal acts served only to invite very damaging cross-examination by the Commonwealth.

Certainly, trial counsel, who was effective, would not have placed Candia on the stand under a theory so tenuous as to believe admission of previous criminal acts would demonstrate credibility. Even if so incredible a theory were possible, no reasonable strategy would follow which included the invitation to the Commonwealth to use evidence of previous convictions against the appellant.

Candia's third claim of ineffective assistance of counsel asserts trial counsel failed to properly raise an issue concerning lack of proof of chain of custody by the Commonwealth. We deem this issue to be without merit.

Judgment remanded for new trial.

VAN der VOORT, J., dissents.

SPAETH, J., files concurring opinion.

SPAETH, Judge, concurring:

I agree with the majority that counsel should not have asked appellant whether he had been convicted—particularly since this case is a drug case and the prior conviction was for possession of marijuana. I believe, however, that an additional aspect of the manner in which counsel questioned appellant should be mentioned.

After asking appellant to identify himself, counsel asked only three questions: Whether appellant had sold the heroin in question; whether he had been convicted of a crime before; and when, and of what crime. (N.T. 86a) When the assistant district attorney proceeded to cross examine appellant regarding the circumstances of the crime, counsel objected, arguing that the assistant district attorney could not go "beyond that which I brought out on direct." (N.T. 88a) The objection was overruled, and the cross-examination proceeded, much to appellant's disadvantage, for the assistant district attorney was able to elicit from appellant the admissions that he knew Bonnie Johnson, and that she and Denise Duez had indeed come to his door on February 16, 1978.

Counsel's conception that he could preclude cross-examination of his client is so mistaken, *see Brown v. United States,* 356 U.S. 148, 78 S.Ct. 622, 2 L.Ed.2d 589 (1958); *Commonwealth v. Lopinson,* 427 Pa. 284, 234 A.2d 552, *appeal after remand,* 449 Pa. 33, 296 A.2d 524 *cert. denied,* 411 U.S. 986, 93 S.Ct. 2269, 36 L.Ed.2d 963 (1967); McCormick on Evidence, (Cleary ed. 1972), § 26 pp. 53–55, as to destroy any confidence in the quality of his representation of appellant. It seems to me that counsel's manner of questioning appellant did nothing but harm appellant's defense, with no offsetting gain.