592 A.2d 1360

**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Keith RHODES, Appellant.**

Superior Court of Pennsylvania.

Argued April 16, 1991.

Filed June 20, 1991.

James G. Stock, Asst. Public Defender, Pittsburgh, for appellant.

Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before McEWEN, DEL SOLE and FORD ELLIOTT, JJ.

DEL SOLE, Judge:

This is an appeal from a judgment of sentence entered following a jury trial. Appellant, Keith Rhodes, was convicted of third degree murder, aggravated assault and violating the uniform firearms act. After denying post verdict motions the trial court sentenced Appellant to an aggregate sentence of 20–40 years.

On the evening of January 5, 1988, Appellant was among several acquaintances who were planning on engaging in drug transactions. Prior to conducting their quest for drugs, they visited a number of bars. While walking in the Hill District of Pittsburgh, the group was approached by Andrew Hooper who asked them if they were looking for drugs. Appellant alleged that Anthony Harris, an acquaintance of Mr. Hooper, accused him of being a police informant and told Mr. Hooper to "take care" of Appellant. Appellant claims that he shot Mr. Hooper in self-defense as he came towards him, and then twice shot Mr. Harris as he bent over to retrieve a fallen gun. The Commonwealth presented the testimony of Mr. Hooper who stated that he and Mr. Harris were approached by Appellant as they sat in their car. Following a brief discussion between Harris and Appellant, Harris told Hooper to take care of him, (Appellant). After Hooper exited the car he claimed he was shot in the knee and then watched as Appellant chased and shot Harris twice from behind. Appellant was arrested for the murder of Harris on January 7, 1988.

On appeal, Appellant makes the following claims:

I. The trial court erred in excluding probative, relevant evidence.

II. The trial court erred in omitting required self-defense instructions and erroneously charged the jury on the elements of self defense; trial counsel was ineffective for failing to request a proper charge and in failing to object to the erroneous charge.

III. The evidence was insufficient to prove malice, the verdict was against the weight of the evidence, and trial counsel was ineffective for failing to preserve these issues.

IV. The trial court erred in refusing to instruct the jury on involuntary manslaughter.

Appellant first contends that the trial court erred in failing to permit defense counsel to cross examine a Commonwealth witness, Andrew Hooper, regarding his arrest for delivery of a controlled substance 24 hours before the shooting. The trial court would not allow this testimony because it had not yet resulted in a conviction.

 The right of an individual to confront his accuser is deeply embedded in our criminal justice system. Article I, Section 9 of the Pennsylvania Constitution provides in pertinent part:

> In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to meet the witnesses face to face ...

In *Commonwealth v. Evans*, 511 Pa. 214, 512 A.2d 626 (1986), our Supreme Court stated:

> ... whenever a prosecution witness may be biased in favor of the prosecution because of outstanding criminal charges or because of any non-final criminal disposition against him within the same jurisdiction, that possible bias, in fairness, must be made known to the jury. Even if the prosecutor has made no promises, either on the present case or on other pending criminal matters, the witness may hope for favorable treatment from the prosecutor if the witness presently testifies in a way that is

helpful to the prosecution. And if that possibility exists, the jury should know about it.

511 Pa. at 224–25, 512 A.2d at 631–32. In the present case, the only eyewitness to the shooting, Andrew Hooper, was presented by the Commonwealth. Through his testimony, the Commonwealth attempted to prove Appellant had committed the crimes charged. Defense counsel attempted during cross examination to question Mr. Hooper regarding the incident the day prior to the shooting when he made a sale of narcotics to a police officer at the same location of the shooting. Following this incident, Mr. Hooper was not charged for approximately eight months and his preliminary hearing had been postponed since then. Trial counsel indicated to the court that the arresting officer, who was present and ready to testify, was told by the district attorneys office to "let the case ride because the witness is involved as a Commonwealth witness in a homicide case." (N.T. at 687, 7–20–89).

Appellant maintains trial counsel wanted to question Mr. Hooper about his arrest the day before the shooting to corroborate his version of the events of the fateful night, that Mr. Hooper was selling drugs, and also to reveal the potential bias of a witness who may have been receiving preferential treatment. We agree the trial court erred in denying him this opportunity. In Pennsylvania, the discretion of whether to prosecute a crime is vested with the District Attorney's office. The fact that some eight months after the Commonwealth's key witness had sold narcotics to a police officer, he had yet to face even a preliminary hearing, could raise a doubt in the mind of the jury as to the witness' motivation for testifying for the Commonwealth. The trial court in the instant case held a hearing outside the jury and concluded that there was no inducement for the witness to testify. This is clearly an issue of credibility which should have been resolved by the factfinder, in this case the jury ... the question of a witness' credibility has routinely been regarded as a decision reserved exclusively for the jury. *Commonwealth v. Seese*, 512 Pa. 439, 517

A.2d 920 (1986). As our Supreme Court stated in *Evans* supra:

> The jury may choose to believe the witness even after it learns of actual promises made or possible promises of leniency which may be made in the future, but the defendant, under the right guaranteed in the Pennsylvania Constitution to confront witnesses against him, must have the opportunity at least to raise a doubt in the mind of the jury as to whether the prosecution witness is biased.

We find this reasoning to be persuasive. Appellant should have been afforded the opportunity to expose to the jury the potentiality of bias on the part of the Commonwealth's witness. The jury then, would have been the final arbiter of the witness' testimony.

The Commonwealth, citing *Commonwealth v. Candia*, 286 Pa.Super. 282, 428 A.2d 993 (1981), claimed that even if its witness had been convicted for selling drugs the day before the shooting, he could not be cross-examined as to this conviction, for it would not represent *crimen falsi*. However, *Candia* concerned an attempt to use the defendant's past criminal activities to impeach him. In the present case, trial counsel was not attempting to show that the witness had been dealing in narcotics in order to impeach him. Rather counsel was attempting to establish the possibility of bias on the part of a Commonwealth witness who, himself was facing the possibility of prosecution by the state. We hold the trial court erred in denying him this chance, and therefore, Appellant is entitled to a new trial.

In light of our finding on the above issue, it is unnecessary for us to review the remaining issues.

Judgment Reversed. Case is Remanded for a New Trial. Jurisdiction is Relinquished.