**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Scott R. SHAFFER, Sr., Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 25, 2000.

Filed Nov. 22, 2000.

---

James M. Fox, Latrobe, for appellant.

John C. Pettit, Dist. Atty., Washington, for Com., appellee.

BEFORE: POPOVICH, JOYCE, JJ., and CIRILLO, President Judge Emeritus.

POPOVICH, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas, Washington County, in which Appellant was sentenced to a total aggregate term of eleven to twenty-two years of incarceration. Appellant challenges, *inter alia*, the sufficiency of the evidence and the effectiveness of his trial counsel. Upon review, we reverse and remand for a new trial.

¶ 2 Appellant was charged with unlawful restraint, kidnapping, sexual assault, aggravated indecent assault and indecent assault stemming from the alleged abduction and sexual assault of his estranged wife, Barbara Jean Shaffer on June 6, 1998, in Washington County. After a jury trial ending on March 18, 1999, Appellant was convicted on all counts. On August 10, 1999, the court sentenced Appellant to total aggregate period of incarceration of fifteen to thirty years. On September 8, 1999, the court modified the sentence to a total period of incarceration of eleven to twenty-two years by running the sexual assault sentence concurrently to that given for the rape conviction.

¶ 3 This timely appeal filed by Appellant's trial counsel followed. Appellant then fired his trial counsel and obtained new counsel for this appeal.[1]

---

1. We note that while the issues of trial coun-   sel's ineffectiveness were not raised in Appel-

¶ 4 Appellant raises the following issues on appeal:

1. Whether the Commonwealth's evidence was insufficient to prove each crime beyond a reasonable doubt.

2. Whether trial counsel was ineffective for failing to subpoena Trooper Mysza to testify that the victim's trial testimony was not credible because of its inconsistencies with her prior statements to police.

3. Whether the trial court committed reversible error by admitting the victim's testimony regarding prior bad acts of Appellant.

4. Whether trial counsel was ineffective for failing to subpoena Jory Richman, M.D., as an expert to show the victim's testimony was not credible because it was physically impossible for Appellant to exert such physical movement.

5. Whether trial counsel was ineffective for failing to subpoena Larry Staggers to establish Appellant's alibi defense.

6. Whether trial counsel was ineffective for failing to subpoena phone records to contradict Trooper Staskiewicz's testimony.

7. Whether trial counsel was ineffective for failing to subpoena Appellant's medical records to show he weighed less than the victim at the time of the incident.

8. Whether trial counsel was ineffective for failing to object to the improper admission of chemical results of seminal fluids found on the blanket present during the incident.

9. Whether trial counsel was ineffective for failing to subpoena Teresa Johnson to show victim's testimony was not credible because no person or vehicle was present at the location of the assault when it allegedly occurred.

10. Whether the jury verdict was against the weight of the evidence.

Appellant's Brief, at iv.[2]

¶ 5 Appellant's first issue on appeal is whether the evidence was sufficient to support Appellant's convictions.

■ ¶ 6 When a challenge to the sufficiency of the evidence is made, our task is to determine whether the evidence and all reasonable inferences therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, were sufficient to enable the fact finder to find every element of the crime charged beyond a reasonable doubt. *See Commonwealth v. Nichols*, 692 A.2d 181, 184 (Pa.Super.1997) (citing *Commonwealth v. Tapper*, 450 Pa.Super. 220, 675 A.2d 740 (1996)).

¶ 7 The charges that Appellant was convicted of are defined as follows: Unlawful restraint is defined as restraining another person unlawfully in circumstances exposing him to risk of serious bodily injury. *See* 18 Pa.C.S.A. § 2902(1). Kidnapping is defined as unlawfully removing another person a substantial distance from the

---

lant's 1925(b) statement filed by trial counsel, Appellant retained new counsel for the purpose of this appeal, and he is raising claims of trial counsel's ineffectiveness at the first opportunity to do so. Therefore, trial counsel's ineffectiveness is properly before this Court.

**2.** Since we are remanding this case for a new trial based upon Appellant's claim that trial counsel was ineffective for failing to call Trooper Mysza as a witness, it unnecessary for this Court to examine Appellant's remaining issues on appeal. *See Commonwealth v. Rhodes*, 405 Pa.Super. 570, 592 A.2d 1360, 1362 (1991) (in light of remanding for a new trial, it was unnecessary to resolve the remaining issues on appeal). However, because any successful sufficiency-of-the-evidence claim would result in Appellant's discharge rather than a new trial, we will address Appellant's sufficiency claim. *Cf. Commonwealth v. Giugliano*, 351 Pa.Super. 162, 505 A.2d 317 (1986) (because appellant prevailed on his sufficiency argument and was discharged, it was not necessary to address his remaining claims).

place where he is found, or unlawfully confining another for a substantial period in a place of isolation to facilitate the commission of a felony or to inflict bodily injury on or to terrorize the victim. *See* 18 Pa.C.S.A. § 2901(a)(2) & (3). Rape is defined as sexual intercourse with a complainant by forcible compulsion or threats thereof. *See* 18 Pa.C.S.A. § 3121(a)(1) & (2). Sexual assault is defined as engaging in sexual intercourse with a complainant without the complainant's consent. *See* 18 Pa.C.S.A. § 3124.1. Aggravated indecent assault is penetration, no matter how slight, of a complainant's genitals or anus with a part of the accused's body and done so without the complainant's consent, by force or threat thereof. *See* 18 Pa.C.S.A. § 3125(1), (2) & (3). Indecent assault is defined as indecent contact with the complainant without the complainant's consent, by force or threat thereof. *See* 18 Pa. C.S.A. § 3126.

¶ 8 When viewing the record in the light most favorable to the Commonwealth, we find that the record reveals the following: these charges arise from an incident that occurred on June 6, 1998. Barbara Jean Shaffer, Appellant's estranged wife, alleged that, on that date, he kidnapped, raped and sexually assaulted her. At trial, Ms. Shaffer testified that Appellant telephoned her and asked her to pick up one of their two sons because he was ill. Appellant and Ms. Shaffer agreed to meet near Appellant's home at an iron bridge where he was going to take their sons to fish. When she arrived at the bridge, Appellant was alone and carrying a bag. He asked her to open the trunk of her car so he could place the bag containing their son's clothes inside. When she opened the trunk, Appellant handcuffed her, forced her into the trunk and drove her to a remote field where he raped and sexually assaulted her. She testified further as to the particulars of the sexual assault. A neighbor of Appellant testified that she saw Appellant at the iron bridge shortly before the incident occurred. Another neighbor, Glenda Jenkins, testified that on June 7th, the day after the alleged incident, she saw purplish bruises on Ms. Shaffer's wrists when Ms. Shaffer called the police from her home to report a separate incident involving Appellant.

¶ 9 State Trooper Charles Staskiewicz testified that on June 12, 1998, Ms. Shaffer, with her attorney, appeared at the Pennsylvania State Police barracks in Washington. She notified Trooper Staskiewicz of the alleged abduction and sexual assault by Appellant at this interview. She submitted a five-page written statement outlining the events of the incident. Trooper Staskiewicz began the investigation by visiting the scene of the incident and interviewing several persons who resided near the scene. Later that day, the police re-interviewed Ms. Shaffer. During that second interview, Ms. Shaffer changed a portion of her original statement by stating that on the drive back from the field where the rape occurred, Appellant permitted her to sit in the front passenger seat and not on the rear floor as she had originally claimed. She stated that what she originally reported to the police differed because she was afraid she would not be believed.

¶ 10 Trooper Staskiewicz also testified that because of the six-day time lapse from the date of the alleged assault to its reporting, he was unable to obtain samples for a rape kit. Trooper Staskiewicz interviewed Appellant on June 13, 1998. Two days later, the police filed charges against Appellant relating to the alleged abduction and sexual assault.

■ ¶ 11 We find that this testimony, when viewed in a light most favorable to the Commonwealth as the verdict winner, adequately supports Appellant's convictions for unlawful restraint, kidnapping, rape, sexual assault, aggravated indecent assault and indecent assault. *See Commonwealth v. Poindexter*, 435 Pa.Super. 509, 646 A.2d 1211, 1214 (1994) (holding that the uncorroborated testimony of victim is sufficient to convict of rape, involun-

tary deviate sexual intercourse, statutory rape and corruption of minors).

¶ 12 Appellant's second issue on appeal is whether trial counsel was ineffective for failing to subpoena State Trooper Frank Mysza to testify that Ms. Shaffer's trial testimony was not credible because it was inconsistent with her previous statement to him.

¶ 13 The standard for determining whether counsel was ineffective is well-settled. The law presumes that counsel was not ineffective, and the appellant bears the burden of proving otherwise. *See Commonwealth v. Hall*, 549 Pa. 269, 701 A.2d 190, 200 (1997), *cert. denied*, 523 U.S. 1082, 118 S.Ct. 1534, 140 L.Ed.2d 684 (1998). To establish an ineffective assistance of counsel claim, *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987), and its progeny require the appellant to satisfy a three-prong inquiry: (1) whether the underlying claim is of arguable merit; (2) whether or not counsel's acts or omissions had any reasonable strategic basis designed to advance the interests of the appellant; and (3) whether there is a reasonable probability that the outcome of the proceedings would have been different, but for the errors and omissions of counsel. *See Commonwealth v. Kimball*, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). To demonstrate prejudice, an appellant must prove a reasonable probability of acquittal existed but for the allegedly ineffective conduct by trial counsel. *See Commonwealth v. Tainan*, 734 A.2d 886, 889 (Pa.Super.1999), *appeal granted*, 560 Pa. 744, 747 A.2d 368 (1999). If an appellant fails to satisfy one of the prongs of the test, we cannot find that trial counsel was ineffective.

¶ 14 To establish ineffectiveness for failure to call a witness, Appellant must present evidence that Trooper Mysza was both (1) available and (2) prepared to testify for Appellant at trial. *See Commonwealth v. Franklin*, 397 Pa.Super. 265, 580 A.2d 25 (1990). Appellant counsel failed to comply with this requirement by providing the requisite affidavit of Trooper Mysza stating that he was available and prepared to testify. However, considering that the substance of Trooper Mysza's testimony is contained in his supplemental police report completed on June 16, 1998, and referred to in the investigative police report used to file criminal charges, we do not need an affidavit to determine whether counsel was ineffective for failing to present the information contained in the report. Even if Trooper Mysza was unavailable to testify, his report would have been admissible under the business records exception to the hearsay rule. *See* Pa.R.E. 806(6). Therefore, in the interest of justice, we will overlook Appellant's failure to provide a proper affidavit.

¶ 15 Additionally, we note that it is well-settled that trial counsel's failure to call a particular witness does not constitute ineffective assistance without some showing that the absent witness' testimony would have been beneficial or helpful in establishing the asserted defense. *See Commonwealth v. Durst*, 522 Pa. 2, 559 A.2d 504, 506 (1989) (citing *Commonwealth v. Peterkin*, 511 Pa. 299, 513 A.2d 373 (1986)). Appellant must sustain his burden of demonstrating how the testimony of the uncalled witness would have been beneficial under the circumstances of the case. *See Commonwealth v. Beasley*, 544 Pa. 554, 678 A.2d 773, 778 (1996).

¶ 16 In Trooper Mysza's supplemental police report dated June 16, 1998, he stated that on June 7, 1998, the day after the assault, he was dispatched to Glenda Jenkins' home at the request of Ms. Shaffer, who had left Appellant's residence, went to his neighbor's home and called the police. She reported to Trooper Mysza that Appellant had violated a P.F.A. earlier that day when he took her keys and did not allow her to leave. Trooper Mysza told Ms. Shaffer that Appellant's actions did not violate the P.F.A. She then said, "What about last night?" He then asked what had happened last night, which was

the date of the alleged assault. She stated that she met Appellant because he needed $200.00. He forced her to write a check, and then he grabbed her by the wrists and would not let go. He then let go, and she left. Ms. Shaffer showed Trooper Mysza her wrists, but, as expressly stated in his report, he did not observe any recent injuries. He asked her why she had not called the police about this incident. She stated that she was not sure if it had occurred in Washington County. She then remembered that the incident occurred at the iron bridge down the road from Appellant's home.

¶ 17 Trooper Mysza's police report contradicts the testimony of the Commonwealth's key witnesses Ms. Shaffer and Ms. Jenkins. Ms. Shaffer testified that on June 7th, she called the police to report Appellant's violation of the P.F.A. because Appellant refused to give her the keys to her car. She used the telephone of Appellant's neighbor, Ms. Jenkins. Ms. Shaffer testified that she had told Ms. Jenkins that Appellant had handcuffed and raped her. Ms. Jenkins testified that she had seen purplish bruises on the inside of Ms. Shaffer's wrists when she used the phone. Ms. Shaffer testified that during the abduction, in addition to the bruises on her wrists, Appellant had slapped her face causing her lower lip to bleed. However, Trooper Mysza reported that he did not observe any recent injuries on Ms. Shaffer. His observations were made several moments after Ms. Jenkins saw Ms. Shaffer, and directly contradict her observations.

¶ 18 Also we note that on June 7th, Ms. Shaffer failed to tell Trooper Mysza that Appellant kidnapped and sexually assaulted her when she was describing the details of the night before. Her statements describing the events of June 6th to Trooper Mysza were completely different than her trial testimony. Ms. Shaffer testified that one day after the incident, she told Ms.

Jenkins, who was not a "close friend" of hers, that Appellant had handcuffed and raped her the day before. Ms. Shaffer then neglected to tell Trooper Mysza, who she had called to report Appellant's violation of the P.F.A. on an unrelated incident, that she had been raped and instead told him a different version of the events of June 6th. Ms. Shaffer testified that several days later, she told Linda Hull, who also was not a "close friend" of hers, of the incident. She then waited nearly one week before telling her attorney of the incident who, in turn, told her to report the incident to the State Police. If Trooper Mysza had testified, a reasonable probability of acquittal existed because his police report contains direct contradictions of Ms. Shaffer's and Ms. Jenkins' testimony and may have undermined their credibility as viewed by the fact-finder. This failure to call Trooper Mysza prejudiced Appellant, and we can find no strategic basis for trial counsel's failure to call Trooper Mysza.

¶ 19 Therefore, we find that trial counsel was ineffective for failing to call Trooper Mysza as a defense witness to refute the inconsistent testimony of Ms. Shaffer and the observation of recent injury of Ms. Jenkins.

¶ 20 Since trial counsel's ineffectiveness prejudiced Appellant in such a manner that he is required to have a new trial, we need not address the remaining issues on appeal.

¶ 21 Judgment of sentence reversed. Case remanded for a new trial. Jurisdiction relinquished.[3]

---

**3.** After being granted an extension of time to file a response brief, we note that the

Commonwealth has failed to do so.