**COMMONWEALTH of Pennsylvania,
Appellee,**

**v.**

**Donald W. WOODS, Sr., Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 11, 2001.

Filed Feb. 28, 2002.

Karl E. Rominger, Carlisle, for appellant.

Jaime M. Keating, Asst. Dist. Atty., Carlisle, for Com., appellee.

Before: CAVANAUGH, STEVENS and BECK, JJ.

BECK, J.

¶ 1 Appellant, Donald Woods, appeals from the judgment of sentence entered

following his conviction of perjury. He argues the evidence does not support his conviction. We affirm.

¶ 2 On July 27, 1998 appellant testified at a contempt hearing for failing to make child support payments. Appellant had claimed that he was unable to make child support payments because he is disabled. Appellant was questioned regarding his ability to walk and lift, as well as his income and the last time he worked or held employment. During that hearing appellant was asked by defense counsel, "Are you able to walk?" Appellant responded "about ten, fifteen feet, depending on what kind of day I'm having." During cross-examination, counsel inquired if appellant had "the ability to walk." Appellant replied, "Yes. I use a walker at times, and I can walk ten to fifteen feet. Sometimes even further. Depending on how my legs are. There is days I wake up and my back is black and blue." Appellant was also asked, "Do you have the ability to lift anything?" He answered, "No. Not anything more than ten or fifteen pounds at the most." With respect to working appellant was asked, "when did you last work?" He replied, "June of last year." Counsel further inquired, "I believe you said the last time you were employed was in May or June of last year," to which appellant responded, "yeah." During the support hearing, appellant's attorney asked him, "How much do you get from social security every month?" Appellant answered, "$115.00 a month." Appellant's attorney then asked, "is that your only income," to which appellant responded, "yes." Later, counsel again inquired, "Do you have any other source of income other than the $115.00 a month?" Appellant testified, "just Monica living there, she pays most of the bills."[1]

¶ 3 Following the July 1998 hearing, appellant was charged with one count of perjury. A jury trial commenced on February 1, 2000, after which appellant was convicted. On February 8, 2000, the trial court sentenced appellant to a term of incarceration of twelve months to seven years. Following the denial of appellant's post-trial motion, this appeal followed.

¶ 4 Appellant asserts that the evidence is insufficient to prove that he committed perjury. When a challenge to the sufficiency of the evidence is made, our task is to determine whether the evidence and all reasonable inferences therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, were sufficient to enable the fact finder to find every element of the crime charged beyond a reasonable doubt. *Commonwealth v. Shaffer*, 763 A.2d 411, 413 (Pa.Super.2000). The Pennsylvania Crimes Code defines the parameters of perjury as follows:

A person is guilty of perjury, a felony of the third degree, if in any official proceeding he makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of a statement previously made, when the statement is material and he does not believe it to be true.

18 Pa.C.S.A. § 4902(a).

¶ 5 Appellant first maintains that his answers at the July 1998 contempt hearing were literally true and only evasive responses to ambiguous questions. For instance, appellant maintains that he testified truthfully about the last time he worked or was employed, which was June of 1997. He claims that because work and employment were not defined, it was not clear if the question also pertained to his ownership interest in a home copying busi-

---

1. Monica was appellant's girlfriend who re- sided with appellant.

ness. With respect to his income, appellant was asked "how much do you get from social security every month" which was followed by the question, "[i]s that your only income?" Appellant maintains the question could be interpreted to mean, "is that the only income you received from social security." Therefore, he insists his positive response was truthful. Regarding his ability to lift weights, appellant testified that he could lift "ten to fifteen pounds, at the most." Appellant asserts that his answer was not literally untrue because the statement "at the most" qualified the testimony pertaining to the amount he could lift. He submits the attorney's failure to question him about what he meant by "at the most" precludes a finding of perjury.

¶ 6 We reject appellant's assertion that his statements were literally true and merely unresponsive to the questions posed. We find that the questions posed were direct and unambiguous. Appellant's responses were literally false as the evidence at trial demonstrated.

¶ 7 Appellant maintains the evidence was insufficient to demonstrate perjury because there was no evidence that he was employed or worked past May or June of 1997 or that he had any income other than social security income in July 1998. However, the Commonwealth presented evidence at trial that appellant owned and operated a copier business in his home and provided invoices to clients in early July 1998. The evidence belies appellant's argument.

¶ 8 Appellant also asserts that the Commonwealth failed to prove that he lied about his physical health because it failed to subpoena his medical records. Appellant cites no legal authority to support his argument that medical records are necessary to prove that one has testified falsely regarding his physical abilities. Nor can

we find any such legal authority. Here, the record supports the jury's finding that appellant committed perjury. Witnesses testified that they observed appellant lifting such items as roofing equipment and reams of paper that weighed more that 10 to 15 pounds. The evidence at trial which shows appellant made false statements regarding his ability to lift, his income and the last time he worked supports the perjury conviction.

¶ 9 Judgment of sentence affirmed.