J-S41019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAMFIS TAVAREZ-BERROA | : | |
| | : | |
| Appellant | : | No. 2105 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 22, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0001151-2019

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:              **FILED JANUARY 22, 2021**

Ramfis Tavarez-Berroa appeals from the judgment of sentence entered following his jury trial convictions for Kidnapping – To Inflict Bodily Injury or Terrorize, Theft by Unlawful Taking or Disposition, Unauthorized Use of a Motor Vehicle, and False Imprisonment.[1] Tavarez-Berroa challenges the sufficiency of the evidence supporting the convictions for Kidnapping and Theft, and challenges the length of his sentence. We affirm based on the opinion of the Honorable Patrick T. Barrett. **See** Trial Court Opinion, filed 6/2/20, at 1-6.

In its opinion, the court summarizes the evidence presented at Tavarez-Berroa's jury trial. **See id.** at 2-6. Briefly, the complainant testified that while

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 2901(a)(3), 3921(a), 3928(a), and 2903(a), respectively.

she was driving Tavarez-Berroa home from work, they stopped for food, and Tavarez-Berroa offered to drive so that the complainant could eat. Tavarez-Berroa then began driving them in another direction, and took the complainant's cell phone. He stopped the car, refused to let the complainant leave, repeatedly squeezed her neck until she could not breathe, and forcibly raped her. Tavarez-Berroa tied the complainant to the passenger seat and told her he was driving them to New York. When Tavarez-Berroa allowed the complainant to use the restroom at a convenience store, she retrieved her phone and sought help. Tavarez-Berroa fled in the complainant's car, and was arrested several months later in New York. The Commonwealth also presented the surveillance video from the convenience store, and the police photos showing the marks on the complainant's wrists left by the restraints.

The jury convicted Tavarez-Berroa of the above-listed crimes. It also found him not guilty of Strangulation, and was hung on charges for Rape, Kidnapping – To Facilitate Felony or Flight, Sexual Assault, Unlawful Restraint, and Indecent Assault.[2] Before pronouncing sentence, the court reviewed a pre-sentence investigation report. The court then imposed two concurrent, standard-range sentences, of three to 10 years' confinement for Kidnapping and one to seven years' confinement for Theft by Unlawful Taking.[3]

_____

[2] The court declared a mistrial on the counts for which the jury did not render a verdict. The Commonwealth stated at sentencing that it would not be retrying Tavarez-Berroa on the those counts.

[3] The court found the convictions for Unauthorized Use of a Vehicle and False Imprisonment merged for sentencing purposes.

Tavarez-Berroa presents the following issues:

A. Whether the evidence presented at trial was insufficient to support a guilty verdict of Kidnapping (F-1) where the Commonwealth neglected to allege that the complainant experienced any bodily injury from which it could be reasonably inferred that [Tavarez-Berroa] ever intended to inflict such injury, while also neglecting to allege any facts from which it could be reasonably inferred that [he] intended to terrorize the complainant.

B. Whether the evidence presented at trial was insufficient to support a guilty verdict of Theft by Unlawful Taking (F-3) where the circumstances surrounding [Tavarez-Berroa]'s abandonment of the allegedly stolen vehicle were such that it was objectively likely to be recovered by the complainant without the slightest reduction in value, thus making it irrational to infer that [Tavarez-Berroa] could ever have intended to "deprive" her thereof.

C. Whether the trial court abused its discretion by imposing a sentence of 3-10 years of imprisonment where [Tavarez-Berroa] had no criminal history, and all considerations regarding the protection of the public, the gravity of the offense and the rehabilitative needs of [Tavarez-Berroa] warranted a much lighter and more equitable sentence.

Tavarez-Berroa's Br. at 7-8 (answers below and suggested answers omitted).

In his first two issues, Tavarez-Berroa challenges the legal sufficiency of the evidence. The evidence is sufficient when, viewed in the light most favorable to the Commonwealth, it allows the jury to find each element of the crime beyond a reasonable doubt. *Commonwealth v. Hoffman*, 198 A.3d 1112, 1118 (Pa.Super. 2018). The Commonwealth may carry its burden through wholly circumstantial evidence. *Commonwealth v. Green*, 204 A.3d 469, 484 (Pa.Super. 2019). In reviewing the sufficiency of the evidence, we do not assess its weight or credibility. *Hoffman*, 198 A.3d at 1118. As

sufficiency is a question of law, our review is plenary and *de novo*. ***Commonwealth v. Giron***, 155 A.3d 635, 638 (Pa.Super. 2017).

Tavarez-Berroa first argues there was insufficient evidence to support a conviction for Kidnapping because the *mens rea* was not met. He claims the evidence does not support a finding that he intended to inflict bodily injury on the complainant, because it proves that, as "a big, strong man," he could have inflicted bodily injury, but chose not to. Tavarez-Berroa's Br. at 25, 29. Tavarez-Berroa points out that the jury acquitted him of Strangulation, and that there was no testimony that the restraints on the complainant's wrists caused her any injury. ***Id.*** at 25-26.

Tavarez-Berroa further claims that the evidence does not support a finding that he intended to terrorize the complainant, because if he had in fact terrorized her, she would not have repeatedly tried to escape. ***Id.*** at 33, 40. According to Tavarez-Berroa, he did not threaten the complainant, and "[n]one of his actions, words or gestures can be seriously regarded as anything other than the result of benign, if regrettably juvenile, outbursts of excited passion." ***Id.*** at 35-36. He claims there was no history of violence between the two, and no weapon present. ***Id.*** at 38-39.

In its opinion, the trial court reviews the elements for the crime of kidnapping, as charged. ***See*** Trial Ct. Op. at 2 (citing 18 Pa.C.S.A. § 2901(a)(3)). The court also reviews complainant's testimony. ***Id.*** at 2-6. We agree with the trial court that the evidence was sufficient to support the conviction for Kidnapping.

Tavarez-Berroa next argues the evidence was insufficient to support the conviction for Theft by Unlawful Taking or Disposition, because the evidence did not establish that he intended to deprive the complainant of her vehicle. He argues that he did not take the car permanently, or long enough to affect its economic value, or offer to return it only in exchange for compensation. Tavarez-Berroa's Br. at 44. He also claims that "the evidence does not reflect that he intended to render it unlikely that the complainant could never recover [the car]." *Id.* Rather, according to Tavarez-Berroa, he abandoned it in a densely populated suburb of New York, with the keys and complainant's wallet, bank cards, and identifying information inside, such that the complainant recovered it a mere four days later. *Id.* at 45. He argues that "[f]or him[,] it was nothing more than an instrument of impetuous escape." *Id.*

The trial court rejected this claim, and we again agree that the evidence was sufficient. *See* Trial Ct. Opinion at 4. "Deprive" in this context means "[t]o withhold property of another permanently or for so extended a period as to appropriate a major portion of its economic value, or with intent to restore only upon payment of reward or other compensation," or "(2) to dispose of the property so as to make it unlikely that the owner will recover it." 18 Pa.C.S.A. § 3901. Viewing the evidence in the light most favorable to the Commonwealth, Tavarez-Berroa abandoned the complainant's car in an unfamiliar place in another state, without telling her where he left it or

returning the keys to her, therefore making it unlikely the complainant would recover the vehicle and its contents.

Finally, Tavarez-Berroa argues the court abused its discretion in sentencing him to three to 10 years in prison for Kidnapping.[4] He argues his actions should be viewed in the context of his "intimate friend[ship]" with the complainant, his young age of 21, his lack of premeditation, lack of criminal record, and the fact that he did not injure the complainant. Tavarez-Berroa's Br. at 49-51. He claims that the sentencing factors of rehabilitation and deterrence do not apply to his case, as he has "no discernable rehabilitative needs," and that the protection of the public is not a concern, because he will be deported upon his release from prison. *Id.* at 52.

In its opinion, the trial court lists the factors the sentencing court must consider, and the standard of review of a sentencing claim. Trial Ct. Op. at 5-6. The court then observes that it reviewed the pre-sentence investigation report prior to sentencing and imposed concurrent standard-range sentences. *Id.* at 6. It explains that it sentenced Tavarez-Berroa to an aggregate of three to 10 years for kidnapping not because it failed to consider his lack of criminal record, but to have a deterrent effect on Tavarez-Berroa, and to remain in

---

[4] Tavarez-Berroa has included a Pa.R.A.P. 2119(f) statement, in which he claims that the court failed to consider properly mitigating factors and his rehabilitative needs. This raises a substantial question that the sentence violates the Sentencing Code or fundamental sentencing norms, and thus the issue warrants our review. *Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa.Super. 2003).

proportion with the gravity of his actions. ***Id.*** We find no abuse of discretion, and affirm based on the trial court opinion.[5]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/22/2021

---

[5] The parties are directed to include the trial court opinion when submitting this memorandum in future filings.

Circulated 12/08/2020 03:25 PM

COURT OF COMMON PLEAS OF BERKS COUNTY – CRIMINAL

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | No. CP-06-CR-0001151-2019 |
| | : | |
| v. | : | **2105 MDA 2019** |
| | : | |
| RAMFIS TAVAREZ-BERROA | : | Patrick T. Barrett, J. |

## Pa.R.A.P. 1925(a)(1) OPINION

### I. Background

Following a four-day jury trial (September 16-19, 2019), the jury found Defendant/Appellant, Ramfis Tavarez-Berroa, guilty of kidnapping, theft by unlawful taking or disposition, unlawful restraint, and false imprisonment. The court sentenced Defendant to three to ten years' imprisonment. Defendant asserts three assignments of error, each of which was considered and rejected by this court on post-trial motions.

BERKS COUNTY, PA

2020 JUN -2 PM 2: 20

CLERK OF COURTS

## II. Discussion

Defendant first claims that the evidence was insufficient to support a guilty verdict for Count 3, kidnapping.

Kidnapping, as charged at Count 3, is established if the Commonwealth proves beyond a reasonable doubt that the defendant unlawfully removed another a substantial distance from the place where he or she is found, or that he unlawfully confined another for a substantial period in a place of isolation with the intention of inflicting bodily injury on or to terrorize the victim. 18 Pa.C.S. § 2901(a)(3). The elements of kidnapping can be proven circumstantially. *Commonwealth v. Begley*, 780 A.2d 605, 618–19 (Pa. 2001). Moreover, the uncorroborated testimony of a victim is sufficient as evidence to support a conviction for kidnapping. *Commonwealth v. Shaffer*, 763 A.2d 411 (Pa. Super. 2000).

Defendant only challenges the sufficiency of the evidence that he intended to inflict bodily injury on or to terrorize the female victim.

At trial, the victim ("M.P."), an adult female, testified that she was driving Defendant home after work on August 2, 2017, and after stopping at Burger King Defendant offered to drive the rest of the way while she ate. She agreed, but once they got inside the car, Defendant began driving away from the direction of their homes. M.P. testified that Defendant took away her cell phone and yelled, "[t]oday

is the day that you are going to hear me.... You never want to hear me," before pulling over in an unfamiliar, isolated area. Once stopped, Defendant got out of the car, walked around to the passenger side, opened her door, and forcibly confined her in her seat despite her pleas to let her go ("I told him please, I want to leave."). M.P. told the jury that Defendant squeezed her neck until she could not breathe and, when she was close to passing out, opened the door for fresh air only to start again ("He did it about five times."). Defendant then pulled down M.P.'s pants to her knees and repeatedly inserted his penis inside her vagina. After that, he tied her to the passenger seat using the seatbelt and the lanyard from her work ID (leaving marks on her wrists for a couple of hours after the lanyard was untied). Defendant returned to the driver's seat, began driving, and said they were going to New York. Notes of Testimony Trial Transcript, at 118-119, 129-137.

Defendant eventually stopped for gas at a Sheetz in Fleetwood, Berks County and, at M.P.'s request, allowed M.P. to go inside to use the restroom. As Defendant and M.P. stood together at the counter, Defendant set down M.P.'s cell phone to retrieve his wallet. At that moment M.P. grabbed her cell phone and ran toward another customer, screaming through tears, "Please don't allow him to come near me. He has kidnapped me, and he is causing me harm." N.T. Trial Transcript, at 140. Defendant fled the scene in M.P.'s car. Id.

Defendant was arrested several months later in New York state. In addition to M.P.'s testimony, the Commonwealth presented the following evidence: a surveillance video from Sheetz showing a frantic M.P. and Defendant sprinting out of the store; a police photo showing marks on the victim's wrists from her restraints. Moreover, the gas station where the victim escaped is nowhere near where they lived and worked. Defendant and the victim were not and had never been in a romantic or sexual relationship.

The evidence set forth above is more than sufficient to demonstrate that Defendant kidnapped the female.

Defendant next claims that the evidence was insufficient to support a guilty verdict for Count 6, theft of M.P.'s car by unlawful taking or disposition. 18 Pa.C.S. § 3921(a). Section 3921 of the Crimes Code states, "[a] person is guilty of theft if he unlawfully takes, or exercises control over, movable property of another with intent to deprive him thereof."

As with Defendant's first claim of error, he challenges only the sufficiency of the evidence to establish intent (i.e., that he intended to deprive M.P. of her vehicle).

The testimonial and documentary evidence set forth above is clearly sufficient to support a guilty verdict that Defendant intended to deprive M.P. of the use of her vehicle.

Defendant's third and final contention is that the court abused its discretion in sentencing him to prison for not less than three nor more than ten years.

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." Commonwealth v. Crump, 995 A.2d 1280, 1282 (Pa. Super. 2010). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." Id. In determining the sentence to be imposed, the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. 42 Pa.C.S. § 9721(b). The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing. Id.; Commonwealth v. Melvin, 172 A.3d 14, 21 (Pa. Super. 2017). Where the trial court has considered the 42 Pa.C.S. § 9721(b) factors, the pre-sentence report, and all of the record evidence, there is no abuse of discretion. Commonwealth v. Rush, 162 A.3d 530, 546 (Pa. Super. 2017) (citation omitted). "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations[.]" Commonwealth v. Ventura, 975 A.2d 1128, 1135 (Pa. Super. 2009). .

In this case, the court reviewed a pre-sentence investigation report and imposed concurrent, standard-range sentences.[i] Count 3 (Kidnapping) is graded as a felony of the first degree and Count 6 (Theft) is graded as a felony of the third degree (the vehicle was valued at $7,000, more or less). The remaining counts merged for sentencing. Defendant had a prior record score of zero. He was twenty-one years old at the time of sentencing.

Defendant's claim that this Court "failed to consider his lack of criminal history" is inaccurate and wholly without merit. At sentencing, the court explained to Defendant that, "to give you anything less [than three to ten years]... would send the wrong message to this community," and "[will] hopefully have a deterrent effect on you, because you obviously are going to get out of prison." The full reasons for the sentence appear of record at pages 11-14 of the sentencing hearing transcript.

Based on the reasons stated and referenced above, the court did not abuse its discretion in sentencing Defendant.

BY THE COURT:

PATRICK T. BARRETT, J.

*Distribution*
Superior Court
Berks DA
Berks PD
Defendant

---

[i] The court imposed three to ten years' imprisonment for kidnapping, and one to seven years for theft (to be concurrent with his sentence for kidnapping).