J-S71035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUJUAN PARKER, | |
| Appellant | No. 2924 EDA 2016 |

Appeal from the PCRA Order August 30, 2016
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0007463-2010

BEFORE:  PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JANUARY 22, 2018**

Appellant, Jujuan Parker, appeals *pro se* from the denial of his first

petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§

9541-9546.  We affirm.

A previous panel of this Court set forth the background of this case as

follows on direct appeal.

> On the evening of September 5, 2010, Tyrone Thompson
> ("Thompson") and Jeffrey Joyner, Jr., ("Joyner") were shot to
> death on the 2700 block of Kane Street in the City of Chester.
> Eyewitnesses testified that shortly prior to the shooting, they saw
> a black van, driven by Brian Selby ("Selby"), come to a stop on
> the 2700 block of Kane Street.  [Appellant] was in the passenger's
> seat of the van.  The eyewitnesses saw Selby exit the van and
> attempt to put a mask on his face.  When Selby noticed the group
> of eyewitnesses watching him, he reentered the van and drove
> off.  Shortly thereafter, the same black van reappeared on the

_____

[*] Retired Senior Judge assigned to the Superior Court.

2700 block of Kane Street, driven by [Appellant]. [Appellant] stopped the vehicle, whereupon Selby exited and approached the victims. [Appellant] remained in the vehicle. Selby fired eleven shots at the victims, striking each victim five times. Selby then reentered the van, whereupon [Appellant] drove off and fled the scene. Emergency responders transported the victims to a hospital, where they were pronounced dead.

One of the eyewitnesses to the crime, Shanecia Word ("Word"), initially gave a police statement implicating [Appellant] and Selby in the shooting. Subsequently, however, Word recanted her statement. Notable to this appeal, Word did not testify at [Appellant]'s jury trial, but she did testify at Selby's separate, subsequent jury trial and stated that the police had coerced her into making a false eyewitness statement. At [Appellant]'s trial, a detective involved in the investigation of the shooting testified that his efforts to locate Word for [Appellant]'s trial were unsuccessful, despite repeated attempts.

Following the shooting, the police arrested [Appellant] and Selby and charged them each with two counts of criminal homicide and various other offenses. Thereafter, the Commonwealth filed a [p]etition to sever Selby's case from [Appellant's] case, which the trial court granted. At the close of [Appellant]'s trial, the jury found him guilty of two counts of third-degree murder[, and two counts of aggravated assault, which merged for sentencing purposes]. Approximately two months after [Appellant]'s conviction, the jury in Selby's case acquitted Selby of all charges.

Prior to sentencing in [Appellant]'s case, the Commonwealth gave notice of its intent to seek imposition of a mandatory sentence of life in prison under 42 Pa.C.S.A. § 9715 (stating that any person convicted of murder of the third degree and who had been previously convicted at any time of murder or voluntary manslaughter must be sentenced to life in prison). On February 13, 2012, the trial court sentenced [Appellant] to a prison term of 18 to 40 years for his murder conviction regarding the death of Joyner ("the Joyner conviction"). The court then imposed a sentence of life in prison as to [Appellant]'s murder conviction regarding the death of Thompson, using the Joyner conviction to apply the mandatory sentencing provision under section 9715.

[Appellant] timely filed a post-sentence [m]otion alleging that the Commonwealth's failure to present Word as a witness during his trial entitled him to a new trial. According to

- 2 -

[Appellant], Word's recantation of her initial police statement at Selby's trial called into question the truthfulness of the inculpatory testimony of the other eyewitnesses who testified at [Appellant]'s trial. After conducting a hearing, the trial court denied [Appellant]'s [m]otion. [Appellant] then filed a timely [n]otice of appeal.

(*Commonwealth v. Parker*, No. 2177 EDA 2012, unpublished memorandum at *1-3 (Pa. Super. filed May 29, 2013)) (footnote omitted).

This Court affirmed Appellant's judgment of sentence on May 29, 2013. (*See id.* at *4-10) (concluding that Appellant's challenge to legality of his sentence lacked merit, and that record supported trial court's holding that Commonwealth was not obligated to call Ms. Word and it diligently attempted to secure her presence at trial). On November 21, 2013, our Supreme Court denied Appellant's petition for allowance of appeal. (*See Commonwealth v. Parker*, No. 454 MAL 2013 (Pa. filed Nov. 21, 2013)).

On April 21, 2014, Appellant *pro se* filed his first PCRA petition. The PCRA court appointed counsel who filed a *Turner*/*Finley* "no-merit" letter and petition to withdraw.[1] On May 18, 2016, the PCRA court issued a notice of intent to dismiss the PCRA petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). In the same order, the court granted counsel's petition to withdraw.[2] (*See* Order and Rule 907(1) Notice, 5/18/16).

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] We observe that the PCRA court has not updated the docket to reflect its granting of counsel's petition to withdraw or Appellant's *pro se* status. It appears that this error affected at least one later order of the court, granting

The PCRA court granted Appellant's request to file objections, and ordered that he shall have until August 16, 2016, to file an amended PCRA petition or objections to counsel's "no-merit" letter. (*See* Order, 6/17/16). Appellant mailed a response to the court's notice on August 10, 2016. (*See* Appellant's Brief, at Appendix B; *see also id.* at Appendix C). On August 30, 2016, the PCRA court entered an order dismissing the PCRA petition. This timely appeal followed.[3]

Appellant raises four questions on appeal.

1. Whether a violation of the Constitution and laws of Pennsylvania and the Constitution and laws of the United States occurred which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have[ ]taken place but in violation of [Appellant's] rights as guaranteed by the Fourth, Fifth, Sixth, Eigth and Fourteenth Amendments to the United States Constitution, and Article One, Sections Eight, Nine and Twenty-Three of the Pennsylvania Constitution?

2. Did an unconstitutional breakdown occur during [Appellant's] pre-trial, trial, post-sentence, direct appeal and collateral proceedings which rendered the proceedings fundamentally unfair in violation of his rights to due process and equal protection of law?

3. Whether post-conviction counsel's pretexted tendered defense and perfunctory performance with regard to the complained of derelictions of duty and breach of professional responsibility to

_____

an extension of time for Appellant to file his concise statement of errors complained of on appeal, which the docket indicates was forwarded to PCRA counsel rather than Appellant. (*See* Docket). Appellant does not appear to have been prejudiced by this administrative error.

[3] Pursuant to the PCRA court's order, Appellant filed his statement of errors complained of on appeal on October 31, 2016. The PCRA court entered its opinion on February 3, 2017. *See* Pa.R.A.P. 1925.

the attorney-client relationship during the PCRA proceedings resulted in ineffective assistance of counsel depriving [Appellant] of his right to a constitutional and meaningful review under the Post-Conviction Relief Act[,] and the United States Supreme Court's ruling in **Martinez v. Ryan**, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012)?

4. Whether the PCRA court erred in failing to file an opinion which fairly addressed in a substantive manner and in full all of the claims raised as a basis for relief and with regards to PCRA counsel's failings which do not conform to the standards set forth in **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (Pa. 1988) and its progeny?

(Appellant's Brief, at 4).[4]   We have reordered Appellant's issues for ease of disposition.

In the first issue, Appellant claims he is entitled to relief because of several instances of trial counsel's ineffectiveness.  Specifically, he contends that trial counsel was ineffective for failing to object to the jury instruction regarding accomplice liability when neither the indictment nor the Commonwealth's case in chief specifically set forth accomplice liability.  (**See id.** at 9-17).  He also argues that trial counsel was ineffective for failing to call Ms. Word to testify, and failing to object to admission of testimony concerning

---

[4] Appellant set forth four questions in his statement of questions involved; however, the argument portion of his brief contains eight separate subsections. (**See** Appellant's Brief, at 4, 9-29).  Thus, we could quash his brief for failure to comply with our rules of appellate procedure. **See** Pa.R.A.P. 2101, 2119(a).  Nevertheless, we will consider the issues set forth in his statement of questions involved. **See Commonwealth v. Lyons**, 833 A.2d 245, 251–52 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) ("[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant.") (citation omitted); **see also** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

his threatening her. (**See id.** at 13-15). Finally, he claims that trial counsel was ineffective for failing to object to the admission of a prison phone call as hearsay, and failure to secure Tawuana Cottman as a witness. (**See id.** at 19-21). Appellant's ineffectiveness claims do not merit relief.

Our well-settled standard and scope of review for the denial of a PCRA petition is as follows:

> We review the denial of PCRA relief for a determination of whether the PCRA court's findings are supported by the record and free of legal error. A petitioner is eligible for PCRA relief only when he proves by a preponderance of the evidence that his conviction or sentence resulted from one or more of the circumstances delineated in 42 Pa.C.S.[A.] § 9543(a)(2).

**Commonwealth v. Natividad**, 938 A.2d 310, 320 (Pa. 2007) (citations omitted).

To be eligible for relief under the PCRA, an appellant must prove that his conviction resulted from one of several enumerated events, including the ineffective assistance of counsel. **See** 42 Pa.C.S.A. § 9543(a)(2).

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. **See Commonwealth v. Pierce**, 527 A.2d 973, 975–76 (Pa. 1987); **Strickland v. Washington**, 466 U.S. 668 (1984). The PCRA court may deny an ineffectiveness claim if "the petitioner's evidence fails to meet a single one of these prongs." **Commonwealth v. Basemore**, 744 A.2d 717, 738 n.23 (Pa. 2000). . . . Because courts must presume that counsel was effective, it is the petitioner's burden to prove otherwise. **See**

> ***Pierce***, ***supra***; ***Commonwealth v. Holloway***, 739 A.2d 1039,
> 1044 (Pa. 1999). . . .

***Natividad***, ***supra*** at 321 (citation formatting provided); ***see also***

***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009) ("[An appellant's]

failure to satisfy any prong of the ineffectiveness test requires rejection of the

claim of ineffectiveness.") (citation omitted).

First, Appellant argues that counsel was ineffective for failing to object

to the prosecutor's closing remarks or the jury instruction concerning

accomplice liability. (***See*** Appellant's Brief, at 9-13, 15-18). Appellant fails

to show that his underlying claim is of arguable merit. ***See Natividad***, ***supra***

at 321.

> A defendant may be convicted as an accessory though only
> charged as a principal. As long as the defendant is put on notice
> that the Commonwealth may pursue theories of liability that link
> the defendant and another in commission of crimes, the defendant
> cannot claim that the Commonwealth's pursuit of such a theory
> surprised and prejudiced the defendant.

***Commonwealth v. Spotz***, 716 A.2d 580, 588 (Pa. 1998), *cert. denied*, 526

U.S. 1070 (1999) (citations omitted).

Here, the record reflects that Appellant had notice that the

Commonwealth might pursue a theory of liability linking himself and another

in commission of the crimes. Appellant and Mr. Selby were named as co-

conspirators in the criminal complaint charging them with murder, and the

prosecutor stated in his opening statement that "the Commonwealth intends

to prove that Brian Selby and [Appellant] are responsible for the murders of

Mr. Thompson and Mr. Joiner." (N.T. Trial, 11/29/11, at 67). Thus, Appellant

knew that the Commonwealth was prosecuting him as both an accomplice and a principal, and therefore he cannot demonstrate that trial counsel was ineffective for not objecting to the prosecutor's accomplice liability argument or the trial court's jury instruction. **See Spotz**, **supra** at 588. Accordingly, Appellant has failed to prove that his underlying legal claim was of arguable merit, and not met his burden under **Pierce**. **See Daniels**, **supra** at 419; **Natividad**, **supra** at 320-21.

Second, Appellant alleges that counsel was ineffective for failing to call Ms. Word to testify on his behalf. He claims that, because Ms. Word recanted her eyewitness testimony at his co-defendant's trial, and because his co-defendant was acquitted, he was prejudiced by Ms. Word not testifying at his trial. (**See** Appellant's Brief, at 13-15). Appellant's claim lacks merit.

To satisfy his burden of proving trial counsel's ineffectiveness for failing to call a witness, an appellant must present evidence that the witness "was both (1) available and (2) prepared to testify for Appellant at trial." **Commonwealth v. Shaffer**, 763 A.2d 411, 415 (Pa. Super. 2000) (citation omitted).

Here, Appellant has failed to show that Ms. Word was either available or prepared to testify on his behalf. The record reflects that after diligently attempting to serve Ms. Word with a subpoena to testify, the Commonwealth

was unable to reach Ms. Word to obtain her testimony at trial.[5]  (*See* N.T. Trial, 12/01/11, at 130-32).

Because Appellant did not prove that Ms. Word was available and prepared to testify on his behalf, he cannot prove that trial counsel was ineffective for failing to call her.  *See Shaffer*, *supra* at 415.  Therefore, Appellant has failed to demonstrate that his underlying legal claim was of arguable merit, and has not met his burden under *Pierce*.  *See Daniels*, *supra* at 419; *Natividad*, *supra* at 320-21.

Finally, Appellant argues that counsel was ineffective for failing to object to the admission of the transcript of the prison phone call where he solicited his mother and Ms. Cottman to prevent Ms. Word from testifying, because he argued that the transcript was hearsay.  (*See* Appellant's Brief, at 20-22). Appellant's claim lacks merit.

"Hearsay is an out-of-court statement offered for the truth of the matter asserted and is inadmissible unless it falls within an exception to the hearsay rule.  *See* Pa.R.E. 801(c); Pa.R.E. 802." *Commonwealth v. Mosley*, 114 A.3d 1072, 1084 (Pa. Super. 2015), *appeal denied*, 166 A.3d 1215 (Pa. 2017) (case citation omitted).  One such exception permits statements offered against an opposing party, which were made by the party in an individual

---

[5] In fact, the evidence instead demonstrates that Appellant solicited the help of his mother and Ms. Cottman to prevent Ms. Word from testifying at trial. (*See* N.T. Trial, 12/01/11, at 179-83; N.T. Trial, 12/02/11, at 7-15, 17-28, 32-33).

capacity. ***See*** Pa.R.E. 803(25); ***Commonwealth v. Weiss***, 81 A.3d 767, 800 (Pa. 2013) ("A defendant's threat of another is a voluntary extrajudicial statement that can be used against the defendant at trial, even though the threat contains no clear admission of guilt of the offense prosecuted.") (citation omitted).

Here, the PCRA court held that:

> While incarcerated at the Delaware County Prison, [Appellant] and Ms. Cottman communicated regularly by telephone. The transcripts of these telephone conversations were admitted into evidence at [Appellant's] trial. The substance of these conversations suggested threats being made to [Ms.] Word if she were to testify at trial consistent with her statement to police that implicated [Appellant] and the co-defendant. First, these conversations qualify as admissible hearsay, given they are statements by a party opponent. . . .

(PCRA Court Opinion, 2/03/17, at 6).

We conclude that the record supports the PCRA court's finding that Appellant's statements were admissible as statements by a party opponent, and that his ineffectiveness claim is meritless. ***See Natividad***, ***supra*** at 320. Appellant has failed to demonstrate that his underlying legal claim concerning the admissibility of his statements has arguable merit.[6] Thus, he has failed to meet his burden under ***Pierce***. ***See Daniels***, ***supra*** at 419; ***Natividad***, ***supra*** at 320-21.

---

[6] Moreover, to the extent that Appellant claims that trial counsel was ineffective for failing to call Ms. Cottman as a witness, he has attempted to prove neither that Ms. Cottman was available, nor prepared to testify on his behalf. (***See*** Appellant's Brief, at 21-22). Thus, he has not met his burden of demonstrating arguable merit with respect to his claim of trial counsel's ineffectiveness. ***See Shaffer***, ***supra*** at 415.

Finally, Appellant claims that trial counsel's errors constitute cumulative prejudice. (*See* Appellant's Brief, at 24-25). Because each individual claim of ineffectiveness fails because of lack of merit or arguable merit, they do not merit relief collectively. *See Commonwealth v. Spotz*, 18 A.3d 244, 321 (Pa. 2011). Appellant has failed to prove that trial counsel was ineffective, thus the first issue does not merit relief.

In the second and third issues,[7] Appellant contends that his constitutional rights were violated because PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness. (*See* Appellant's Brief, at 23, 25-27). Appellant's claims do not merit relief.

In order to set forth a claim of ineffectiveness of PCRA counsel for failure to raise trial counsel's ineffectiveness, Appellant must "develop all three prongs of the *Pierce* test as to the ineffectiveness of trial counsel." *Commonwealth v. Hall*, 872 A.2d 1177, 1184 (Pa. 2005) (citations and footnote omitted). "In other words, if a petitioner fails to develop any of the three *Pierce* prongs regarding the underlying issue of trial counsel ineffectiveness, he or she will have failed to establish the arguable merit prong of the claim of subsequent counsels' ineffectiveness." *Id.* (citations omitted).

Here, because Appellant failed to establish that trial counsel was ineffective, we conclude that he has failed to meet his burden of establishing

---

[7] The second and third issues both concern a violation of Appellant's constitutional rights because of PCRA counsel's ineffectiveness; therefore, we discuss these issues together.

- 11 -

the arguable merit prong with respect to proving PCRA counsel's ineffectiveness. *See id.* The second and third issues do not merit relief.

In the fourth issue, Appellant claims that the PCRA court erred in failing to file an opinion that complies with the dictates of Rule 1925(a). (*See* Appellant's Brief, at 28-29). Specifically, he claims that the court failed to address the claims raised in Appellant's timely response to the notice to dismiss and his amendment to his PCRA petition; failed to conduct an evidentiary hearing; and failed to comply with *Turner*, *supra*. Appellant's claim does not merit relief.

Initially, we note that pursuant to the prison mailbox rule, Appellant appears to have timely filed his response to the notice of intent to dismiss. *See Commonwealth v. Chambers*, 35 A.3d 34, 40 (Pa. Super. 2011), *appeal denied*, 46 A.3d 715 (Pa. 2012). On June 17, 2016, the PCRA court extended the deadline for Appellant to file a timely response to its Rule 907(1) notice until August 16, 2016. Appellant has submitted a copy of a cash slip indicating that he delivered his response to prison officials on August 10, 2016. (*See* Appellant's Brief, at Appendix C); *Chambers*, *supra* at 40 ("[A] cash slip may be sufficient to establish that an appeal was delivered to prison officials or deposited in the prison mailbox within the [] filing period.") (citation and quotation marks omitted). Therefore, pursuant to the prisoner mailbox rule, Appellant's response was timely.

However, due to a breakdown in the process of the court, the docket reflects that Appellant's response was not filed until October 31, 2016.

Nevertheless, because Appellant raised the same concerns in his Rule 1925(b) statement of errors as he did in his response to the notice to dismiss, the PCRA court addressed all of the concerns raised in Appellant's response in its Rule 1925(a) opinion. Therefore, we conclude that this error was harmless.

Appellant next claims that the PCRA court erred because it failed to conduct an evidentiary hearing concerning trial and appellate counsel's ineffectiveness. (*See* Appellant's Brief, at 28-29). We disagree.

"There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008), *appeal denied*, 956 A.2d 433 (Pa. 2008) (citation omitted). "With respect to the PCRA court's decision to deny a request for an evidentiary hearing . . . such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (citation omitted).

Here, Appellant has not demonstrated that a genuine issue of material fact existed which would have necessitated a hearing. In fact, he argued that the court "erred by failing to grant [him] any substantial relief on his record-based claims where there are no disputes with respect to material facts." (Appellant's Brief, at 28 (citing Pa.R.Crim.P. 907(2))). Upon review, we conclude that the PCRA court's decision not to hold an evidentiary hearing was

not an abuse of its discretion. **See Mason**, **supra** at 617. Appellant's claim does not merit relief.

Appellant also claims that the PCRA court's opinion was defective because it failed to comply with the standards set forth in **Turner**, **supra**. (**See** Appellant's Brief, at 28-29). Specifically, he claims that the court accepted PCRA counsel's "no-merit" letter "in lieu of filing a PCRA opinion[.]" (**Id.** at 28). We disagree.

It is well-settled that:

> The **Turner**/**Finley** decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court . . . then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.
>
> . . . [T]his Court [also] imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. . . . [C]ounsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney.

**Commonwealth v. Rykard**, 55 A.3d 1177, 1184 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013) (citations and footnote omitted).

In this case, PCRA counsel's petition to withdraw thoroughly addressed the allegations raised in Appellant's *pro se* petition, detailed the nature and

extent of his review, and set forth the reasons why those issues are meritless; counsel further explained that he provided a copy of the petition to withdraw and letter to Appellant. (**See** Application to Withdraw Appearance, 5/13/16, at 1-11). Thereafter, the PCRA court stated that it "conducted an independent review of the record," and granted counsel's petition to withdraw. (Order and Rule 907(1) Notice, 5/18/16, at 1). This satisfied the technical requirements of **Turner**/**Finley**. **See Rykard**, **supra** at 1184. Accordingly, Appellant's claim that the PCRA court failed to comply with the **Turner**/**Finley** requirement of conducting an independent review lacks merit. Appellant's final issue does not merit relief.

Accordingly, because none of Appellant's claims of error merit relief, we affirm the order of the PCRA court dismissing Appellant's petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/22/2018